THE COMMISSIONERS OF GEAUGA COUNTY v. RUFUS P. RANNEY AND ARTHUR H. THRASHER.

From the action of a board of county commissioners under "an act to regulate the fees of attorneys and counselors at law," passed March 4, 1844 (1 S. & C. St. 94), allowing the claim of the counsel assigned to defend an indigent prisoner, counsel who are not satisfied with the amount allowed, have no right to appeal to the court of common pleas.

ERROR to the district court of Geauga county.

The following transcript was filed in the court of common pleas :

" At a meeting of the commissioners in and for the county of Geauga, held at the court house in Chardon, on the 6th day of December, 1858, being the first Monday of said month, the following .appropriation was made, December 9, 1858 : To A. H. Thrasher and R. P. Ranney, for their professional services as attorneys, and expenses and liabilities (physician's bills included), alleged to have been made or incurred in preparing for and conducting the defense of Hiram Cole, indicted and tried for murder, the sum of five hundred and twenty-four dollars, to be by them received and receipted for as a full discharge and satisfaction of all of said claims and accounts presented by them to the commissioners for $1096. 94. Ranney and Thrasher, by A. H. Thrasher, gave notice of their intention to appeal from the above decision. And the commissioners fix the bond for appeal at $200."

The original paper showing the items of the account,. is certified with the order of the commissioners by the county auditor.

In the court of common pleas, the appellants filed the following petition :

" This action came into this court by appeal from the decision of said commissioners of said county of Geauga, made on the 9th day of December, A. D. 1858, as hereinafter more fully stated and set forth. The said plaintiffs, Rufus P. Ranney and Arthur H. Thrasher, complain of the said defendants, the commissioners of said county of Geauga, for that, at the October term of the court of common pleas in and for said county of Geauga, A. D. 1857, one Hiram Cole was indicted, and charged with the crime of murder, by administering poison to one Adelia Cole, on the 8th and 9th days of September, A. D. 1857, at said county of Geauga ; of which poison she, the said Adelia Cole, on the 9th day of September, 1857, died, at said county. Plaintiffs further say that, at the February term of said court of common pleas, 1858, the said Hiram Cole, being in custody in said county, and being arraigned for trial in said court, upon said indict-

ment, for murder, and not having the ability to procure counsel to conduct his defense in said trial, the Honorable Horace Wilder, then and there the presiding judge of said court, at the request of the said Hiram Cole, did then and there assign the said plaintiffs, Rufus P. Ranney and Arthur H. Thrasher, as counsel for the said Hiram Cole, to conduct his defense in said trial for murder. Plaintiffs further say that, at the said February term of said court, 1858, they took upon themselves the duties and burden of said defense, and entered upon the discharge thereof, in pursuance of the assignment of said court, as aforesaid. Plaintiffs say that, in conducting the said defense of said Cole, tried for the crime aforesaid, it became and was necessary to expend a large amount of time, labor and money, to prepare and conduct said defense, so as to develop the truth, and do justice by the accused. Plaintiffs further say that, at said February term, 1858, of said court, said Cole was tried at said county, and the jury were unable to agree. And said plaintiffs, on said trial, conducted said defense; for their services therein, said commissioners allowed said plaintiffs a small compensation, which was accepted. Plaintiffs further say that, after said trial in said court, at the February term thereof, 1858, it became and was necessary to remove said cause to the county of Ashtabula for trial, and said plaintiffs procured affidavits for that purpose, and at the May term of said court, in and for said county of Geauga, 1858, said prosecution was removed for trial to said county of Ashtabula. Plaintiffs further say that, at the June term of said court, in and for Ashtabula county, 1858, said case was set for trial, and said plaintiffs prepared for the same at an expense, in time, labor and money, of $194.94, including the expenses and charges of procuring the change of venue of said case, as aforesaid. But said cause was continued at said June term by the state. The plaintiffs further say that, in conducting and preparing said defense, it became and was necessary to employ chemists, and said plaintiffs employed, as such chemists, to aid in preparing the defense in said cause, Drs. L. A. Hamilton and H. M. Mixer; and, in pursuance of such employment, said

Hamilton and Mixer performed a large amount of labor, for which they charged the sum of $302. . Plaintiffs further say that, at the October term, 1858, of the said court of common pleas, in and for the said county of Ashtabula, said cause was set for trial, and the same was tried, and said plaintiffs, in preparing and conducting said defense on said trial, were compelled to expend a large amount of time, labor and money, to the amount and value of $600. Plaintiffs, therefore, say that the said defendants, as commissioners of said county of Geauga, were indebted to the said plaintiffs in the sum of $1096.94, for the work, labor, care, diligence and attendance of the said plaintiffs by the said plaintiffs before that time performed and bestowed, as attorneys and counsel for the said Hiram Cole, charged with the crime of murder as aforesaid, said plaintiffs being assigned as counsel to defend said Cole as aforesaid, and for money, work and labor before that time performed, done, laid out and expended by said plaintiffs, and others employed by them, in and about defending the said Hiram Cole against the said criminal charge for which he stood indicted as aforesaid. A copy of the account of said plaintiffs is hereto attached and made part of this petition. Said account was duly presented to said commissioners, and by them disallowed, except $524, December 9, 1858. The said plaintiffs, therefore, pray judgment against said commissioners for the said sum of $1096.94, with interest thereon from the said 27th day of November, 1858; and that an order of the court may be directed to the auditor of said county of Geauga, directing him to draw an order on the treasury of said county for the amount found due said plaintiffs."

The commissioners appeared by counsel and moved to dismiss the proceedings for want of jurisdiction. This motion was overruled, and an exception taken.

A demurrer was then filed, which was overruled.

An answer being filed and a hearing had before the court, a judgment was rendered in favor of the plaintiffs for the sum of $741.60, the item of $302, stated in the petition, having been stricken out and disallowed.

To the opinion and rulings of the court exceptions were taken. On error, in the district court, the judgment was affirmed, and thereupon a petition in error was filed in this court by the county commissioners.

*W. O. Forrist* and *H. K. Smith*, for plaintiffs in error.

*R. P. Ranney* and *A. H. Thrasher*, defendants in error.

GHOLSON, J.—The question upon the motion to dismiss the appeal, depends upon the consideration, whether the appellants rendered their services under a contract between them and the county, which gave a right to such compensation as judicial tribunals, created by law for its ascertainment, might determine, or rendered their services as attorneys under the order of the court of common pleas, in the expectation of a fee, the amount of which was ascertainable only in the discretion of a specified authority. In the former view, the board of county commissioners was the tribunal, in the first instance, to act upon the justice and amount of the claim, and an appeal to the court of common pleas might be properly taken. In the other view, it can not be properly claimed, that from the exercise of a mere discretionary power, vested in the board of county commissioners, an appeal might be taken to the court of common pleas, under the general language of the law allowing and regulating such appeals. We do not understand the counsel for the defendants in error to claim. that, in this view, their appeal could be sustained, and their argument to show their right to appeal, proceeds on the as- sumption that they had established the former view to be the correct one.

To show that it is correct—that a right exists to charge upon a county such a claim as that stated in the petition on the appeal, requires a reference to some statutes of the state. We are accordingly referred to the 14th section of the act " directing the mode of trial in criminal cases " (2 S. & C. St. 1182), which provides that, " The court before whom any per- son shall be indicted, is hereby authorized and required to as-

sign such counsel, not exceeding two, as he or she shall desire, if the prisoner has not the ability to procure counsel, and they shall have free access to the prisoner at all reasonable hours." This statute, in its terms, certainly imposes no such liability, but, it is said, a practice arose under that statute, or one of like import, in force for many years, to allow a compensation to the counsel assigned to defend prisoners. This we believe to be true, but that the practice has fixed the character of such compensation to be the reasonable worth of the services rendered, to be ascertained, when it is required, by a judicial inquiry upon evidence offered, we can not admit. No such practical construction has, we think, been given to the statute.

Nor do we think the other statute on the subject was intended to sanction any such practice, or to erect the board of county commissioners into a judicial tribunal to hear and decide such a claim against their county. That statute is as follows: " That it shall not be lawful for the county auditor of any county in this state, to audit or allow any account, bill or claim hereafter presented by any attorney or counselor at law, for services performed under the provisions of the fourteenth section of the act entitled ' An act directing the mode of proceeding in criminal cases,' until said account, bill or claim shall have been examined and allowed by the county commissioners of the proper county, and the amount so allowed for such services certified by said county commissioners." 1 S. & C. St. 94.

It will be observed that the terms of this statute are negative—applicable to an existing state of things—most probably in the view of the legislature, an abuse, which it was proper to correct. Now, we think, we have a right to take notice of this existing state of things, of that which the legislature may have regarded as an abuse. There had a practice prevailed for courts to allow and certify, and county auditors to pay, as a part of the ordinary expenses attending the administration of justice, fees to the attorneys assigned to indigent prisoners. This practice explains the title of the

act " to regulate the fees of attorneys and counselors," and shows that the object was to restrain the courts in the allowance of fees to the counsel assigned to defend prisoners, or rather, to transfer the discretion before exercised, whether legally or not, we need not decide, in the allowance of such fees, from the courts to the board of county commissioners, upon the supposition, undoubtedly, that its exercise by the latter would prove less burdensome to the county.

After this legislation, when the fee to counsel assigned by the court to defend a prisoner, was allowed, and the amount fixed by the county commissioners, a legal demand against the county for its payment was created. But it was the intention to place the county commissioners in the position before assumed by the courts, of allowing such a fee as might be deemed proper. The legal demand was for the fee and for nothing more.

The case of *Cooper* v. *Armstrong*, 19 Ohio Rep. 116, can be sustained only on the same principle. The claim in that case was for expenses in reference to a jury, incurred by the sheriff, under the order of a court trying a person under indictment for a capital crime. The auditing and allowing the claim was held to be incident to the authority of the court in the administration of the criminal laws of the state. It was held to be a just demand against the county because it had been " audited and allowed by a tribunal authorized by law to do so." But it would be difficult to maintain that the sheriff, without such allowance, could have maintained an action against the county, or, if not satisfied with the amount allowed by the court, could, in any form or mode, have had its action on the subject, reviewed or corrected in a higher tribunal.

The conclusion which must follow the views we have expressed is, that the appeal from the board of county commissioners to the court of common pleas ought to have been dismissed for want of jurisdiction. The judgment of the district court and of the court of common pleas will, therefore, be reversed, with costs; and this court, rendering such judgment

as the court of common pleas should have rendered, will or-
der that the appeal be dismissed for want of jurisdiction.

Judgment reversed.

SUTLIFF, C.J., and PECK, BRINKERHOFF and SCOTT, JJ.,
concurred