By the Court.
The defendants in error, attorneys-at-law, were appointed by the Court of Common Pleas of Geauga County to assist the state in the prosecution of an indictment found by the grand jury; and, at the termination of the prosecution, were allowed by the court for their services rendered under the appointment, the sum of $800; this sum, on presentation of the claim to the commissioners, was reduced by them, to the sum of $300, in the exercise of the power conferred on them by the provisions of § 7196, Revised Statutes, to the effect that the compensation to be paid an attorney for services so rendered, should be such sum “ as the court approves, and to them (the commissioners) seems just and proper.” From this allowance as made by the commissioners, the attorneys appealed to the court of common pleas. A motion was made by the commissioners to dismiss the appeal on the ground that the case was not appealable, and that the court, for such reason, had no jurisdiction. The motion was overruled and judgment rendered for the sum of $800 and interest; which judgment was on error affirmed by the circuit court.
Held, that no appeal lies from the final allowance made by the commissioners for services rendered by an attorney in such ease. We can see no difference in principle between an allowance made to an attorney appointed to assist the prosecution, and that of an allowance to one appointed to defend the accused ; and as it was held in Commissioners of Geauga County v. Ranney, 13 Ohio St. 388, that there is no appeal from the *272 allowance made an attorney appointed to defend, like reasons require us to hold that there is no appeal from the allowance made by the commissioners to an attorney appointed to assist the prosecution. The power reposed in the commissioners is discretionary and final. The case of Shepard v. Commissioners of Darke County, 8 Ohio St. 354, did not present the question whether an appeal would lie or not. It was an original suit brought in the common pleas on a claim that had been presented to, and passed on by the commissioners. The court held that the action would not lie; and this would have been so whether there was an appeal from the action of the commissioners, as said by the court, or not, on the principle of the later case of Commissioners v. Ranney. In any event, the lattercase is not only the later one, but is more in point, and •governs, as we think, the decision of the case under review. For these reasons, we think the court of common pleas erred :in not dismissing the appeal, and the circuit court erred in .affirming its judgment.

The judgments of the common pleas and that of the circuit •court are reversed, and the appeal dismissed.