## AS TO PAYMENT FOR AN AUTOPSY PERFORMED AT REQUEST OF THE CORONER.

Circuit Court of Cuyahoga County.

THE BOARD OF COUNTY COMMISSIONERS OF CUYAHOGA COUNTY
v. A. P. HAMMOND.

Decided, March 28. 1908.

*Physician—Right to Compensation for Performing Autopsy.*

Section 1305, Revised Statutes, creates no liability on the part of the
county in favor of a physician or surgeon who has made a *post
mortem* examination at the instance of the coroner if the county
commissioners refuse to allow him compensation.

*C. W. Stage,* for plaintiff in error.
*E. P. Eirich* and *William Howell,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error presented his bill to the county com-
missioners of Cuyahoga county, duly approved by the coroner
of this county, for medical services rendered in performing an
autopsy ordered by that official. The claim was based upon
Section 1305, Revised Statutes, but the commissioners rejected
it; thereupon Dr. Hammond appealed to the common pleas court,
under favor of Section 896, Revised Statutes, whereupon the
commissioners moved for dismissal of the appeal for want of
jurisdiction. This motion was refused, and exception reserved,
whereupon judgment on the merits was rendered in favor of
Dr. Hammond for the sum of $15.

In this proceeding in error it is urged that the court of com-
mon pleas erred in refusing to dismiss the appeal. Section
1305 reads as follows:

"When a physician or surgeon makes a post-mortem examina-
tion at the instance of the coroner or other official he shall be
allowed such compensation for his services as the county com-
missioners of the proper county may direct."

The language of this section seems to be perfectly analogous
to the phraseology of the statutes which were construed in

*Commissioners of Geauga County* v. *Ranney et al,* 13 O. S., 388, and *Long* v. *Commissioners,* 75 O. S., 539, where it was held in both instances that an attorney has no right of appeal from the decision of the county commissioners for allowing a sum alleged to be inadequate, in payment for services in defending an indigent prisoner, pursuant to assignment in that behalf by the common pleas court.

Comparison of these cases with *Shepard* v. *Commissioners of Darke County,* 8 O. S., 354, and *Trustees* v. *White et al,* 48 O. S.; 577, discloses the true test to be: Does the statute of itself create the liability which is asserted, or does the statute merely authorize the county commissioners to create the liability? In the former case the right of appeal exists from the decision of the county commissioners refusing to recognize any liability; in the latter instance no such right of appeal is allowable.

Section 1305 seems clearly to provide that the legal demand or liability for compensation to a physician who performs a post-mortem examination at the instance of a county officer arises only when the county commissioners have allowed such demand. If they refuse to allow anything, no liability exists. The judgment of the court of common pleas is therefore reversed for error in refusing to dismiss the appeal for want of jurisdiction. And proceeding to render here the judgment which the court below should have rendered, the appeal from the decision of the board of county commissioners is dismissed.