Nov. Term,
1853.

BLYTHE *v.* THE STATE.

BLYTHE
v.
THE STATE.

So much of s. 15 upon p. 3 of vol. 2, R. S. 1852, as requires an attorney at
law, in the case of a poor person, to prosecute or defend, upon his ap-
pointment by the Court, without fee, is in conflict with s. 21, art. 1, of
the constitution of 1851, and void.

APPEAL from the *Vanderburgh* Court of Common Pleas.
STUART, J.—One *Rodgers* stood charged with larceny in
the Common Pleas; and the Court being satisfied that the
accused was entitled to his defence in *forma pauperis*, as-
signed *James E. Blythe*, Esq., an attorney of the Court, as
counsel to defend *Rodgers.* *Blythe* thereupon denied the
right of the state, or of the Court, to demand his profes-
sional services without compensation, and thereupon re-
fused to act. For such refusal the Court adjudged him guilty
of a contempt, and ordered him to make his fine to the state
in the sum of 5 dollars, and stand committed, &c. The
facts are all set out in a bill of exceptions—whether
strictly regular so as to forbid a disposition of the case
without meeting the main question, it is not necessary to
inquire.

So much of the 15th sect., p. 30, vol. 2, R. S. 1852, as
requires the services of an attorney at law to prosecute or
defend without fee, is in conflict with the 21st sect., art. 1,
of the constitution, and void.

*Blythe's* refusal was not a contempt.

*Per Curiam.*—The judgment is reversed.

Cause remanded, &c.

*J. G. Jones,* for the appellant.

*R. A. Riley,* for the state.