# COMMISSIONERS COURT OF MOBILE vs. TURNER.

[APPEAL FROM ORDER GRANTING MANDAMUS.]

1. *Act of December 30th*, 1868, *construed.*—The attorneys appointed under the act of December 30th, 1868, in the counties of Mobile, Greene and Pickens, " to attend to all criminal cases wherein the persons prosecuted shall be unable to employ counsel," are entitled to the compensation fixed by the statute in all cases in which they act as such counsel, whether there is a conviction, an acquittal or dismissal. The disposition of the case does not control the right to compensation.

2. *Same.*—Such compensation is one-half the fees allowed the solicitor on conviction in the case in which the conviction is had, and in case of dismissal or acquittal, one-half the fees that the solicitor would have been entitled to on conviction, to be determined by the character of the offense charged in the indictment. The grade of conviction governs the rate of compensation in case of conviction, and the mode of the indictment when there is no conviction.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The point decided is sufficiently stated in the opinion.

C. W. RAPIER, for appellant.
ALEX. MCKINSTRY, contra.

[Briefs did not come into Reporter's hands.]

PETERS, J.—This case turns wholly upon the construction of the statute authorizing the appointment of attorneys in the counties of Mobile, Greene and Pickens, whose duty it shall be to attend to all criminal cases wherein the persons prosecuted shall be unable to employ counsel. This act was approved on December 30th, 1868. It is short, and I quote it at large. It is in these words, leaving out the enacting clause :

" Section 1. From and after the passage of this act, the judge of the city court of Mobile, and the judges of the circuit courts of the counties of Greene and Pickens, shall be authorized to appoint a competent attorney in their respective courts, whose duty it shall be to attend to all criminal cases wherein the person prosecuted shall be unable to employ counsel."

" Sec. 2. That the person appointed under the provisions of this act, shall be entitled in all cases, to one-half of the compensation allowed by law to solicitors, to be paid out of the county treasury on the warrant of the presiding judge."—Pamphlet Acts, 1868, p. 490, 491, No. 144.

There is no question as to the constitutional validity of the above recited law raised by the learned counsel in its discussion. Of its policy or impolicy, this tribunal has no authority to judge. That is left solely to a co-ordinate branch of the State government. All constitutional laws passed by the general assembly must have the effect of laws here, and must be enforced. The question, then, for our consideration, is simply the legislative meaning of the above statute. This must be ascertained from its language and the rules of interpretation applied to such language.

The controversy arises wholly out of the words of the second section, in reference to ascertaining the amount of compensation to be allowed to attorneys for services under this act. In what cases and to what amount in each case is compensation to be allowed? These are the questions first to be determined.

Compensation is to be allowed in "all cases," in which the attorney appointed under the act is required to defend the party criminally charged. This is the language of the act, and also its obvious meaning. The punctuation of the act as well as its words shows this. And although punctuation may not control the obvious meaning of a statute, it may be resorted to, to aid in ascertaining the connection and dependence of its words. The acts of the general assembly are printed and published by authority of law, and the punctuation of the printed act is presumed to be the legislative punctuation and marking of it into clauses and sentences. This was different at common law, because common law was older than the act of printing. And the common law rule fails, because the reason on which it was based has become obsolete, and a new rule, based upon a new practice, has taken its place. Now, correct punctuation is one of the aids to arrive at the true meaning of a sentence. And laws are now printed and published with this new aid for their correct exposition.—Revised Code, page 113, *et seq.*, to 117. This may be, in many cases, but a trivial aid, yet it is one furnished by the law making power itself. And on this account, if for no other, it may not be wholly disregarded, or passed over, as an indication without significance.

The language and punctuation of the statute allows compensation "in all cases," of a criminal character, in which an attorney's services are required and bestowed, under the act. Then, if the case is a criminal one, and the party prosecuted therein is unable to employ counsel, this is such a case as comes within the statute, whether the party prosecuted be acquitted or convicted. If such person is defended by the attorney appointed under the act, such attorney is entitled to such compensation as the law allows.

14

The amount of this compensation is the next question. How is this to be ascertained? The statute furnishes the rule. It is to be one-half of what the solicitor would be allowed in a like case, upon conviction of the party prosecuted. This necessarily follows from what has been said above. If compensation is to be allowed "in all cases," where there has been a defense by the attorney, appointed under the act, then this compensation is to be fixed by the solicitor's fees in like cases.

The purpose of the act evidently is to provide counsel in criminal cases for parties prosecuted, who are unable to employ such counsel, and to provide for the payment for the services of such counsel. The construction, then, which most certainly secures the accomplishment of this purpose is the correct one. This would not be done, if no compensation were allowed in the case of an acquittal or in case the prosecution should be abandoned and dismissed by the State. In such an event, the very service that the act provides for might be rendered, and the attorney employed would receive no pay. Such an interpretation would in the end tend to defeat the purpose of the act. This is a remedial statute, and should be so construed as to give the widest latitude to the language used for the purpose of carrying into effect its intent.—Smith's Com. p. 628, § 480; *Favers v. Glass,* 22 Ala. 621; *Thompson v. The State,* 20 Ala. 54; *Sprowl v. Lawrence,* 38 Ala. 674.

Governed by these views, the attorney must be allowed compensation in all the cases in which he renders service as such, under his appointment; in cases of acquittal and dismissal, as well as in cases of conviction. And the amount of the compensation in cases of conviction is to be governed by the solicitor's fee, allowed to be taxed in case of such a conviction. And where there is no conviction, but the case goes off on acquittal, dismissal or *nolle prosequi,* then the charge made in the indictment, is to govern the amount of the compensation, just as if there had been a conviction on the grade of offense charged.

The judgment of the court below was not in conformity with this construction of the statute. It was therefore erroneous; and for this reason it must be reversed.

It is objected, that this is not a proper process to enforce the petitioner's rights.

It has been long settled in this State, that a. writ of *mandamus* will be granted when there is a specific legal right, and there is no other specific legal remedy adequate to enforce that right.—*Ex parte Jones*, 1 Ala. 15, 16 ; *Tarver v. The Commissioners Court of Tallapoosa County*, 17 Ala. 527.   This remedy has been often used to enforce the payment of salaries of the officers of the State and fees due the officers of its court, where the amounts are fixed by law, so as to be ascertained by computation.—*Ex parte Pickett*, 24 Ala. 91 ; *Chisholm v. McGhee*, 41 Ala. 192 ; *Reynolds v. Taylor*, 43 Ala. 420 ; *Chisholm v. Coleman*, 43 Ala. 204 ; *Johnson v. Reynolds*, June term, 1870.

It is also settled that a *mandamus* will be granted to compel the performance of a purely ministerial duty enjoined by statute.—*Tennessee and Coosa Railroad Co. v. Moore*, 36 Ala. 371.

The attorneyship in this case is a *quasi* office.   It is an appointment authorized to be made by law, and the services are ascertained and prescribed by law, and for these services a fixed compensation is allowed and directed to be paid out of a public fund.   There is but one way declared by the statute to ascertain and enforce the payment of the compensation thus allowed. , Usually, in such a case, the way prescribed by the statute is the only way.   It can not be said that the right of the petitioner depends upon a contract, express or implied, or that he can sue the county or the commissioners for the compensation that may be due him in the ordinary forms of law.   He has a specific right, and the statute clearly points out how this right should be enforced.   The compensation due the attorney is to be computed as prescribed by the act ; for this amount " the presiding judge" draws his warrant in favor of the attorney on the county treasury. or upon the officer having the custody and disbursement of the county funds. If the warrant is for the proper sum, it is the duty of the officer or officers upon whom the same is drawn to pay it. This is simply a ministerial duty, and one which may be enforced by *mandamus*.

Upon a reversal it is optionary with this court to render the proper judgment here which the court below should have rendered, or to remand the cause for further proceedings. In this case we prefer to take the latter course.— Revised Code, § 3502.

It is therefore ordered, that the judgment of the court below be reversed, and the cause is remanded with instructions to proceed in conformity with this opinion. And the appellee, who is the petitioner in the court below, will pay the costs of this appeal in this court, and in the court below.