THE PEOPLE v. THOMAS HANIFAN.

*Compensation of attorney appointed to defend criminal.* .

1. The case of *Springer v. Board of Auditors, ante,* 513, in which it was held that the "enlarged compensation," to which an attorney appointed to defend in a criminal case, and who removes the case to the Supreme Court, is entitled under How. Stat. § 9047, must be fixed by that Court, is overruled, being in conflict with section 10, art. 10, of the Constitution, to which the attention of the Court was not called, which vests in the board of auditors of Wayne county, and in the boards of supervisors of the counties generally, the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against, their respective counties, and provides that the sum so fixed or defined shall be subject to no appeal. .

2. The section of the Constitution cited does not give to the boards there mentioned unlimited authority to allow or disallow at will all claims that may be presented to them; citing *Endriss v. Chippewa Co.*, 43 Mich. 317.

Motion for the allowance of attorney's fees for the defense of a respondent in a criminal case in the Supreme Court. Argued May 1, 1894. Denied June 26, 1894. The facts are stated in the opinion, and in *Springer v. Board of Auditors, ante,* 513.

*Oscar M. Springer, in pro. per.,* for the motion.

*Ormond F. Hunt, contra.*

LONG, J. A motion is made in this cause for the allowance of attorney's fees for the defense of Thomas Hanifan in this Court, under the provisions of How. Stat. § 9047. The matter was in this Court at the January term, 1894, and is reported at page 513, *ante.* It was there held that this Court was the proper tribunal to fix and determine the amount of the allowance for attorney's fees. Our attention at that time was not called to the provisions of section 10, art. 10, of the Constitution of this State, which reads as follows:

"The board of supervisors, or in the county of Wayne the board of county auditors, shall have the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against, their respective counties; and the sum so fixed or defined shall be subject to no appeal."

The Legislature, by section 9047, has not fixed and determined the amount of compensation, but the section provides for an enlarged compensation, to be graduated on a scale corresponding to the prices allowed in the circuit court, in which the amount is fixed and determined.

Upon examination of this constitutional provision, we think it is a matter in which this Court cannot act. In *People v. Wayne Co. Auditors,* 10 Mich. 307, it was held that the decision of the board on all questions of fact involved in claims against the county could not be reviewed by the Court, directly or indirectly. This view was reaffirmed in *Mixer v. Manistee Co. Supervisors,* 26 Mich. 422. See, also, *Videto v. Jackson Co. Supervisors,* 31 Mich. 118; *People v. Manistee Co. Supervisors,* 33 Id. 497. Section 10, art. 10, of the Constitution, does not, however, give to the board unlimited authority to allow or disallow at will all claims that may be presented to it. *Endriss v. Chippewa Co.,* 43 Mich. 317. But the question here presented

is one of power in this Court to allow the claim, and we are of the opinion that, in overlooking the provisions of the Constitution above quoted, we were in error in holding that the claim might be presented here. It must go before the board of auditors of Wayne county, and that board alone has jurisdiction and can determine the amount proper to be allowed for the services rendered, and not this Court or the court below. In view of this further examination of the subject, what was said of the right of this Court to pass upon such claims must be overruled. No costs will be granted on this motion.

The other Justices concurred.