TURNER *v.* BOARD OF COMMISSIONERS OF ELK-
HART COUNTY.

[No. 19,678.    Filed March 12, 1902.]

COUNTIES.—*Contracts.*—*Attorneys' Fees.*—*Appropriation by County Council.*—An action cannot be maintained by an attorney for services rendered in assisting in the prosecution of a criminal cause when appointed for that purpose by the court in which the case was pending, where it is not shown that there was an existing appropriation made by the county council to pay for such services.

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Action by Perry L. Turner against the board of commissioners of Elkhart county for services rendered as an attorney at law in the prosecution of a murder case. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*C. W. Miller* and *J. S. Drake,* for appellant.

*L. W. Vail,* for appellee.

MONKS, J.—Appellant brought this action against the appellee to recover for services rendered by him as an attorney at law in assisting the prosecuting attorney in the prosecution of a murder case in the Elkhart Circuit Court. It is alleged that he was appointed by said court in May, 1900, to assist the prosecuting attorney in the prosecution of said murder case. A demurrer for want of facts was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered against him.

Said services were rendered by appellant after the taking effect of what is known as the county reform law. Acts 1899, p. 343. The county reform law creates a county council, and requires estimates to be submitted to that body

of all expenses payable out of the county treasury.    The county council is authorized to make appropriations for said purposes, and also to fix the tax levy out of which the same can be paid.   Acts 1899, p. 346, §§15, 20.

Section 27 (Acts 1899, p. 352) provides that "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court and for the purpose for which obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void."

It is evident that, unless there was an existing appropriation made by the county council for the purpose of paying for such services when appellant was appointed and rendered said services, such appointment and the rendition of said services created no liability against the county.    The power of a court, body, or person, to bind a county, or create a liability against it, for the services of an attorney in assisting the prosecuting attorney in the prosecution of criminal cases, is within the control of the legislature.    Appellant was bound to take notice of the law on this subject.    Under such circumstances, he has no ground to recover therefor from the county.    *Board, etc.,* v. *Pollard,* 153 Ind. 371, 375.

As it was not alleged that there was an existing appropriation made by the county council to pay for such services as those alleged to have been rendered by appellant, the complaint was insufficient, and the court did not err in sustaining a demurrer thereto.

Judgment affirmed.