## Board of Commissioners of the County of Clay *v.* McGregor.

[No. 21,351. Filed January 29, 1909.]

1. Pleading.—*Complaint.—Counties.—Claims Against.—Assistants to Prosecuting Attorneys.*—A complaint against a county, by an attorney who was appointed by the circuit judge to assist the prosecuting attorney in prosecuting a murder case, must show an unexpended appropriation by the county council therefor. *Turner* v. *Board, etc.*, 158 Ind. 166, followed. pp. 636, 641.

2. Courts.—*Powers.—Statutory.—Inherent.—Appointment of Attorneys for Poor Persons.*—The power to appoint attorneys to defend indigent persons accused of crime is not inherent in the courts, but is implied from statutory provisions, and the exercise of such power is subject to legislative control. p. 638.

3. Criminal Law.—*Appointment of Assistant to Prosecuting Attorney.—Change of Venue.—Statutes.*—Under §2087 Burns 1908, Acts 1905, p. 584, §216, in criminal cases, where a change of venue is taken from the county, the circuit judge has the power to appoint an attorney to assist in the prosecution. p. 638.

4. Same.—*Prosecuting Attorneys.—Deputies.—Assistants.*—Prosecuting attorneys may appoint deputies (§9158 Burns 1908, §5568 R. S. 1881) ; and in the absence of the prosecuting attorney, the circuit judge may appoint one for the term (§9407 Burns 1908, §5865 R. S. 1881), the duty of providing for other assistance resting with the legislature and not with the courts. p. 639.

5. Counties.—*Reform Law.—Contracts.—Appointment of Attorneys to Assist in Prosecutions.—Appropriations.*—In the absence of an appropriation therefor, by the county council, an appointment, by the circuit judge, of an attorney to assist in the prosecution of a criminal case, is void by statute (§5944 Burns 1908, Acts 1899, p. 343, §27). p. 639.

6. Attorney and Client.—*Poor Persons.—Appointment by Court.—Contempt.—Compensation.*—In some states the court may appoint an attorney to defend a poor person, and for a refusal to serve, such attorney may be punished for contempt, but in

Indiana an attorney's services cannot be required without compensation (Const., Art. 1, §21). p. 640.

7. STATUTES.—*County Reform Law.—Courts.—Limitation of Powers of.—Attorneys.*—Section 5944 Burns 1908, Acts 1899, p. 343, §27, providing that "no court * * * shall have power to bind such county by any contract, agreement, or in any other way," does not unlawfully deprive courts of any inherent powers in the appointment of assistants to prosecuting attorneys, nor compel the rendition of legal services without compensation. p. 641.

8. JUDGMENT.—*Against Counties.—Appropriations.—Contracts.*—Judgments may be rendered against counties in advance of appropriations for the payment of the claims upon which such judgments are based, where such claims do not arise out of contracts or orders of court subsequent to the taking effect of the county reform law. p. 642.

From Clay Circuit Court; *Lewis F. Tilley,* Special Judge.

Action by Samuel M. McGregor against the Board of Commissioners of the County of Clay. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court (see 42 Ind. App. 688), under §1392 Burns 1908, cl. 1, Acts 1907, p. 237, §1. *Reversed.*

*G. S. Payne* and *McNutt & Shattuck,* for appellant.
*S. M. McGregor, pro se.*

MONTGOMERY, J.—Appellee recovered a judgment against appellant for services rendered as an attorney in the prosecution of a criminal case in pursuance of an order of the Clay Circuit Court.

The errors assigned are (1) in overruling appellant's demurrer to the amended complaint, and (2) in sustaining appellee's demurrer to the second paragraph of answer.

The complaint alleges that on January —, 1906, the judge of the Clay Circuit Court appointed appellee to assist in the prosecution of the case of the State v. Jesse Sluder, on a charge of murder, then pending in said court; that an emergency existed for the appointment of an attorney to assist in said prosecution; that said cause was ready for trial, the defendant had counsel appointed to defend, and it became necessary to see that the rights of the State

were fully protected, and that the cause be prosecuted without delay and without incurring the expense of a continuance, and in order to give the defendant a speedy trial and without delay; that appellee accepted said appointment, and rendered legal services thereunder in the prosecution of said cause at the January and March terms, 1906, of said court, which services were of the reasonable value of $500; that appellee has received thereon $75, and the balance—$425—is due and remains unpaid.

Section twenty-seven of the county reform law (Acts 1899, p. 343, §5944 Burns 1908), reads as follows: "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the support of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void."

It is not alleged in appellee's complaint that any appropriation by the county council, with which to employ counsel to assist in the prosecution of criminal causes, had

1. been made and remained unexpended. This court has expressly held such an allegation necessary in a complaint similar to appellee's. In the case of *Turner* v. *Board, etc.* (1902), 158 Ind. 166, the court declared that the power of a court to bind a county or create a liability against it for the services of an attorney in assisting the prosecuting attorney in the prosecution of criminal cases is within the control of the legislature, and attorneys are bound to take notice of laws enacted on that subject; that, unless there is an existing appropriation made by the county council, for the purpose of paying for such services, when an attorney is

appointed to assist a prosecuting attorney, such appointment and the rendition of services thereunder will create no liability against the county.

Appellee concedes that the case of *Turner* v. *Board, etc., supra,* if adhered to, is decisive of this appeal adversely to him, but he insists that the decision in that case was not well considered, and, in effect, authorizes the legislature to deprive the courts of vital inherent powers, and requires the taking of the professional services of attorneys without just compensation, in violation of article 1, §21, of the state Constitution.

The indictment in the case of *Dukes* v. *State* (1858), 11 Ind. 557, 71 Am. Dec. 370, was signed by an attorney appointed to prosecute that particular case, for the reason that the regular prosecuting attorney was absent, and the attorney appointed by the court to serve for the term, in pursuance of the statute, had been retained by the accused and was disqualified from prosecuting that cause. Appellant questioned the legality of the indictment because it was not signed by the regular prosecuting attorney, and, in disposing of such objection, the court, among other things, said: "We think the court possesses an inherent power to appoint one of the attorneys of the court, when necessary to prevent a failure of justice, to conduct the prosecution of a criminal."

It was provided by statute, at the time of the proceedings reviewed by that decision, that, if the prosecuting attorney failed to attend any court of his circuit, the judge of such circuit should appoint some person to prosecute for the term. 2 R. S. 1852, p. 386, §5. The act of the judge in appointing another, pro tem., to fill the vacancy caused by the disqualification of the prosecutor in that particular case was not the exercise of an inherent power of the court, but rather the exercise of a power implied from the statutory authority to fill the temporary vacancy caused by the absence of the regular prosecuting attorney. The ex-

pression "inherent power," made with respect to an act of the court done *ex necessitate* in a matter where the authority could be reasonably implied from that expressly given, has suggested in later days grave constitutional questions.

2.  An examination of the authorities will show that the appointment by courts of attorneys to defend indigent persons accused of crime, who are without counsel and without the means of employing legal assistance, is not, properly speaking, the exercise of a fundamental right or power inherent in the court, but such authority is implied from the jurisdiction and powers expressly conferred, and functions and duties imposed; and the general statutes and policy of the State providing for the necessities of the poor, which reasonably include a fair opportunity to protect their rights as litigants in courts of justice. *Webb* v. *Baird* (1854), 6 Ind. 13; *Dukes* v. *State, supra; Board, etc.,* v. *Wood* (1871), 35 Ind. 70; *Gordon* v. *Board, etc.* (1876), 52 Ind. 322; *Mitchell* v. *State* (1857), 22 Ga. 211, 68 Am. Dec. 493; *State* v. *Smith* (1902), 107 La. Ann. 129, 31 South. 693; *Keithler* v. *State* (1848), 10 Sm. & M. (Miss.) 192; *Douglass* v. *State* (1834), 6 Yerg. (Tenn.) *524; *Gandy* v. *State* (1889), 27 Neb. 707, 43 N. W. 747, 44 N. W. 108; *Roberts* v. *People* (1888), 11 Colo. 213, 17 Pac. 637; *Taylor* v. *State* (1905), 49 Fla. 69, 107, 38 South. 380. The power to make such appointment emanating directly or indirectly from the legislature, it follows that its exercise is subject to the regulation and control of that department.

The only express statutory authority for the appointment of attorneys to defend and to assist the prosecutor in criminal cases in this State is found in §2087 Burns 1908,

3.  Acts 1905, p. 584, §216, which applies to cases taken on change of venue from the county in which the prosecution originated. In such cases a probable lack of acquaintance with the local environment on the part of the original counsel, and the desirability of having attorneys

always within call of the trial court, make the propriety and expediency of this provision at once apparent.

In this State provision is made for the election of prosecuting attorneys, who are authorized to appoint deputies to assist in the discharge of their official duties. §9158 4. Burns 1908, §5568 R. S. 1881. And in case of the absence of the prosecuting attorney the court is required to appoint some person to prosecute for the term. §9407 Burns 1908, §5865 R. S. 1881. It can scarcely be said, therefore, that an actual necessity will ever exist for the appointment of an attorney to assist the official prosecutor. It may be, and frequently is, expedient and desirable that the State should have the assistance of other counsel in the conduct of important and difficult criminal causes which are ably resisted, but the duty of providing for such emergencies rests primarily with the legislature.

The principle underlying the appointment of counsel for poor persons is materially different from that involved in the appointment of assistance for the prosecuting at-
5. torney. The right of the court to appoint such assistants was first challenged by the accused, and in upholding such right as against defendants the language of some opinions has induced attorneys to believe that it is one of the inherent and sacred prerogatives of the court. In the case of *Wood* v. *State* (1883), 92 Ind. 269, this court held that there was no abuse of discretion, in appointing attorneys to assist the prosecutor, of which the appellant could complain, but expressly stated that the question whether such attorneys could claim pay for their services against the State or county was not involved or considered. See, also, *Siebert* v. *State* (1884), 95 Ind. 471; *Shular* v. *State* (1886), 105 Ind. 289, 55 Am. Rep. 211.

In the case of *Tull* v. *State, ex rel.* (1885), 99 Ind. 238, this court assumed the right to appoint assistants in the prosecution of criminal cases to be settled, and upon the

authority of cases in which the question had been raised only by defendants placed such appointments upon the same basis as those made for the defense of the poor, and held for the first time that the county was bound for the payment of the reasonable fees of attorneys assisting the State. This doctrine led to abuses, which section twenty-seven of the county reform law was designed to avoid. This statute, in so far as it affects this controversy, does not invade the inherent powers of courts, but provides reasonable limitations upon the exercise of an implied discretionary authority by submitting to a representative body of voters and taxpayers the question of determining to what extent, if any, the State shall be aided in prosecuting criminal offenses occurring within their county. The right of the legislature to impose restrictions upon the amount of money which may be expended for the employment of counsel, not only in aiding the prosecuting attorneys, but also in defending criminal paupers, has been exercised without question in a number of the states. *Commissioners Court, etc.*, v. *Turner* (1871), 45 Ala. 199; *Edmonds* v. *State* (1895), 43 Neb. 742, 62 N. W. 199; *State* v. *Wentler* (1890), 76 Wis. 89, 44 N. W. 841, 45 N. W. 816; *Commissioners, etc.*, v. *Ranney* (1862), 13 Ohio St. 388; *Anonymous* (1884), 76 Me. 207; *Washoe County* v. *Humboldt County* (1879), 14 Nev. 123; *People* v. *Hanifan* (1894), 99 Mich. 516, 59 N. W. 611.

Appellee insists that his services as an attorney cannot be required without just compensation, under article 1, §21, of the constitution of Indiana. In many jurisdictions it 6. is regarded as a part of the general duties of members of the bar to act as counsel for persons accused of crime and destitute of means, upon appointment by the court, and in such cases they must look alone to the possible future ability of the accused to pay their compensation, when no provision therefor is made by statute. 3 Am. and Eng. Ency. Law (2d ed.), 417 and cases cited. In states

where this rule obtains, an attorney is regarded as truly an officer of the court, and for a refusal to accept an assignment to defend a poor person may be disbarred or punished as for a contempt. In this State the professional services of an attorney cannot be demanded without just compensation, and consequently he cannot be compelled, under penalty of disbarment or of being in contempt, to render gratuitous services for a pauper defendant in a criminal cause. *Blythe* v. *State* (1853), 4 Ind. 525; *Webb* v. *Baird* (1854), 6 Ind. 13.

It is still more clear that an attorney is in nowise bound to accept an assignment to aid in the prosecution of a criminal charge. The State is abundantly able to compensate all its servants, and should make provision for such services as may be deemed necessary in the interets of the public peace and welfare. An attorney may, at his pleasure, accept or decline a proffered appointment to assist the prosecuting attorney in a criminal cause, but if he accept he is bound to know the limitations on the power of the court to make such appointment and to allow compensation for his services. It follows that appellee's acceptance of employment upon the order of the circuit court was voluntary and not enforced, and that his professional services have not been required without compensation in violation of the constitutional provision cited.

The decision in the case of *Turner* v. *Board, etc., supra,* is reaffirmed, with the additional holding that the statute in question, upon the facts of this case, does not unlawfully deprive the courts of any inherent powers, or compel the rendition of legal services without just compensation.

Appellee's complaint should show an unexpended appropriation for the purpose of employing counsel in such cases, at the time of his appointment, to create a valid obligation against the county, and his recovery cannot exceed the amount then on hand. *Turner* v. *Board,*

*etc., supra; Board, etc.,* v. *Mowbray* (1903), 160 Ind. 10; *State, ex rel.,* v. *Parks* (1907), 169 Ind. 93.

It is contended that judgments may be rendered against a county on valid claims, in advance of any appropriation made for the payment of such claims. That is true,

8.     but the cause of action must not be founded upon any contract or order of court made since the taking effect of the county reform law.

The conclusion announced makes it unnecessary to consider the affirmative paragraph of answer. The judgment is reversed, with directions to sustain appellant's demurrer to the amended complaint.