BOARD OF COMMISSIONERS OF VIGO COUNTY *v.* MOORE.

[No. 13,435. Filed June 18, 1929. Rehearing denied July 31, 1929. Transfer denied October 13, 1931.]

Robert H. Catlin, for appellant.

Adamson & Gallagher, William T. Douthitt and Henry W. Moore, for appellee.

*Frank Hamilton* and *Miller & Causey, Amici Curiae.*

LOCKYEAR, J.—One Arthur Smith was indicted in Vigo County on the charge of murder. A change of venue was taken from Vigo County, and the case was sent to Clay County, where it was tried. The judge of the Clay Circuit Court appointed appellee herein as attorney to defend said Arthur Smith, as a poor person.

Appellee herein accepted said appointment and successfully defended the said Arthur Smith and afterward filed a complaint in the Vigo Circuit Court, wherein the members of the board of commissioners of Vigo County were made party defendants to answer as to the county's interests therein and wherein the appellee prayed for an order fixing the value of said services, and judgment against Vigo County for the sum so found and fixed.

Demurrer for want of facts was filed to this complaint on the grounds thereof as set forth in memorandum, said demurrer being as follows, to wit:

"The complaint does not allege that there was an appropriation by the county council existing at the time of such alleged employment by the plaintiff.

"The complaint does not state that there is now an existing appropriation of the county council for the payment of the amount claimed for this purpose.

"The complaint discloses that the services for which claim is made were voluntary services rendered."

On March 8, 1926, the demurrer to the complaint was overruled, to which ruling of the court, the appellant at the time excepted, and it then filed an answer in seven paragraphs.

A trial was had and judgment rendered in favor of appellee in the sum of $5,000.

Appellant filed a motion for a new trial, which motion was overruled by the court.

An appeal to this court assigns as error the overruling of appellant's demurrer to the complaint and the overruling of appellant's motion for a new trial. The grounds upon which the motion for a new trial are based which this court will consider are that the finding of the court is contrary to law and is not sustained by sufficient evidence.

Section 5888 Burns 1926, Acts 1899 p. 343, provides: "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void." Section 2248 Burns 1926, Acts 1905 p. 584, §216, provides: "Whenever, in any criminal prosecution, a change of venue shall have been taken from the county in which such prosecution originated, the trial court shall have the authority to appoint counsel on behalf of such original county to prosecute such action or to defend any poor person defendant therein. Counsel so appointed shall be entitled to reasonable compensation for services in such cause, but the amount thereof shall be settled and allowed by the judge of the court from which the change of venue was first granted."

It is not alleged in appellee's complaint that any appropriation by the county council, with which to employ counsel to assist in the prosecution of criminal causes, had been made and remained unexpended. It has been expressly held that such an allegation is necessary in a

complaint similar to appellee's. In the case of *Turner* v. *Board, etc.* (1902), 158 Ind. 166, 63 N. E. 210, the court declared that the power of a court to bind a county or create a liability against it for the services of an attorney in assisting the prosecuting attorney in the prosecution of criminal cases is within the control of the Legislature, and attorneys are bound to take notice of laws enacted on that subject; that unless there is an existing appropriation made by the county council, for the purpose of paying for such services, when an attorney is appointed to assist a prosecuting attorney, such appointment and the rendition of services thereunder will create no liability against the county.

Appellee concedes that if the case of *Turner* v. *Board, etc., supra,* is adhered to, this appeal must be decided adversely to him, but he insists that the decision in that case was not well considered, and, in effect, authorizes the Legislature to deprive the courts of vital inherent powers, and requires the taking of the professional services of attorneys without just compensation in violation of Art. 1, §21, of the state Constitution (§73 Burns 1926).

In the case of *Tull, Treas.,* v. *State, ex rel.* (1884), 99 Ind. 238, this court assumed the right to appoint assistants in the prosecution of criminal cases to be settled and, upon the authority of cases in which the question had been raised only by defendants, placed such appointments upon the same basis as those made for the defense of the poor, and held for the first time that the county was bound for the payment of a reasonable fee of attorneys assisting the State. This doctrine led to abuse which §27 of the County-Reform Law was designed to avoid. This statute, in so far as it affects this controversy, does not invade the inherent powers of courts, but provides reasonable limitations upon the exercise of an implied discretionary authority

by submitting to a representative body of voters and taxpayers the question of determining to what extent, if any, the State shall be aided in prosecuting criminal offenses occurring within their county. The right of the Legislature to impose restrictions upon the amount of money which may be expended for the employment of counsel, not only in aiding the prosecuting attorneys, but also in defending criminal paupers, has been exercised without question in a number of states. *Commissioners Court of Mobile* v. *Turner* (1871), 45 Ala. 199; *Edmonds* v. *State* (1895), 43 Nebr. 742, 62 N. W. 199; *State* v. *Wentler* (1890), 76 Wis. 89, 44 N. W. 841, 45 N. W. 816; *Commissioners, etc.,* v. *Ranney* (1862), 13 Ohio St. 388; *Anonymous* (1884), 76 Me. 207; *Washoe County* v. *Humboldt County* (1879), 14 Nev. 123; *People* v. *Hanifan* (1894), 99 Mich. 516, 59 N. W. 611.

Appellee insists that his services as an attorney cannot be required without just compensation, under Art. 1, paragraph 21 of the Constitution of Indiana. In many jurisdictions, it is regarded as a part of the general duties of members of the bar to act as counsel for persons accused of crime and destitute of means, upon appointment by the court, and in such cases, such attorneys must look alone to the possible future ability of the accused to pay their compensation when no provision therefor is made by statute. 3 Am. and Eng. Ency. Law (2d ed.) 417 and cases cited. In states where this rule obtains, an attorney is regarded as truly an officer of the court, and, for a refusal to accept an assignment to defend a poor person, may be disbarred or punished as for contempt. In this state, the professional services of an attorney cannot be demanded without just compensation, and consequently he cannot be compelled, under penalty of disbarment or of being in contempt, to render gratuitous services for a pauper defendant in a criminal cause. *Blythe* v. *State* (1853), 4 Ind. 525;

*Webb* v. *Baird* (1854), 6 Ind. 13; *Board, etc.,* v. *Mc-Gregor* (1909), 171 Ind. 634, 641, 87 N. E. 1, 17 Ann. Cas. 333; *Knight* v. *Board, etc.* (1913), 179 Ind. 568, 572, 101 N. E. 1010.

The State is abundantly able to compensate all its servants and should make provision for such services as may be deemed necessary in the interest of the public peace and welfare. An attorney may, at his pleasure, accept or decline a proffered appointment to assist the prosecuting attorney in a criminal cause, but, if he accepts, he is bound to know the limitations on the power of the court to make such appointments and to allow compensation for his employment. It follows that appellee's acceptance of employment upon the order of the circuit court was voluntary and not enforced, and that his professional services have not been required without compensation in violation of the constitutional provision cited.

The decision in the case of *Turner* v. *Board, etc., supra,* is reaffirmed, with the additional holding that the statute in question upon the facts of this case, does not unlawfully deprive the courts of any inherent powers or compel the rendition of legal services without just compensation.

Appellee's complaint should show an unexpended appropriation for the purpose of employing counsel in such cases, at the time of his appointment, to create a valid obligation against the county, and his recovery cannot exceed the amount then on hand. *Turner* v. *Board, supra; Board, etc.,* v. *Mowbray* (1903), 160 Ind. 10, 66 N. E. 46; *State, ex rel.,* v. *Parks* (1907), 169 Ind. 93, 81 N. E. 76.

It is contended that judgments may be rendered against a county on valid claims in advance of any appropriation made for the payment of such claims. That is true, but the cause of action must not be founded

upon any contract or order of court made since the taking effect of the "County Reform Law." *Board, etc., v. McGregor, supra; Knight* v. *Board, etc., supra.*

The appellee admits that if the case had been tried originally in Vigo County, the rule of law as above announced would maintain, but that, in a case wherein there has been a change of venue to another county, §2248 Burns 1926 repeals §27 of the "County Reform Act" (§5888 Burns 1926, *supra*), for the act of 1905 p. 584, §216, *supra,* provides that counsel so appointed shall be entitled to reasonable compensation for services in such cases. This court is of the opinion that the two acts should be construed and read together, and that the act of 1905 p. 584, §216, *supra,* when read in connection with §5888 Burns 1926, *supra,* can only mean that the counsel so appointed shall be entitled to a reasonable compensation for his services provided that an appropriation has been made for his services before he enters upon the employment, for the 1905 act provides the amount thereof shall be settled and allowed by the judge of the court from which the change of venue was first granted. To give any other construction to this statute would mean a nullification of the "County Reform Act."

What is known as the "County Reform Act" was passed for the purpose of keeping the expenditures of a county within the amount of taxes collected each year. The county council acts in the nature of a budget committee, as a wholesome check upon all the branches of the government, and the courts are subject to a reasonable regulation as much as are other branches of the government. Where an emergency arises, and no appropriation has been made for the defense of a poor person, a county council can be called together for the purpose of making an appropriation before an attorney enters upon his employment, and if

the appropriation is not made, he is not obliged to continue with his work. The decision of the Supreme Court above referred to was known to the appellee in this case when he was appointed to defend the man Smith, and appellee could have refused to undertake the employment without being subject to criticism from the court trying the case.

In considering the sufficiency of a complaint, this court is not limited to the reasons mentioned in the memorandum to the demurrer filed, but, if the complaint is essentially bad for any reason, it is our duty to so declare. *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55, 121 N. E. 83. It is provided by statute (§2248 Burns 1926) that the judge before whom the trial is had shall have authority to appoint counsel, but the amount of compensation to such counsel shall be settled and allowed by the judge of the court from which the change of venue was first granted. If counsel appointed to defend should be permitted to file a formal complaint against the county and recover for the services rendered upon the theory of a contract to pay such sum as the services rendered were reasonably worth, then the above statute would be entirely nullified. His said action would be the common-law action of assumpsit; being a common-law action, a civil case, the plaintiff would, under the provisions of §20, Art. 1, of our Constitution, be entitled to a trial by jury, and thus again would the provisions of said §2248 be set aside, nullified. We hold that a suit by a formal complaint against the county for the services rendered as upon a contract will not lie, and that the demurrer to the said complaint should for this reason have been sustained.

The judgment should be reversed, with instructions to sustain the demurrer and to dismiss the cause.