STATE EX REL. OLD UNDERWRITERS, INC., ETC. *v.*
BELL, JUDGE.

[No. 30,322. Filed January 27, 1964.]

*R. M. Kroger,* and *Kroger, Gardis & Regas,* of Indianapolis, for relator.

*M. Walter Bell, pro se.*

*Edwin K. Steers,* Attorney General and *J. Van Brown,* Deputy Attorney General, for respondent.

JACKSON, J.—This is an original action wherein relator seeks a writ of prohibition and mandamus.

The factual situation leading up to the filing of the petition may be summarized as follows.

On March 30, 1962, relator was named respondent in a certain cause of action filed in the Superior Court of Marion County, Indiana, docketed as cause No. S62-2091 wherein The Department of Insurance of Indiana filed a verified petition for an order to show cause why the department should not take possession of the property of respondent therein (relator here) for the purpose of liquidation. The verified petition alleged:

"1. That said respondent is insolvent or in imminent danger of insolvency;

"2. That, after examination, it has been found to be in such condition that its further transaction of business will be hazardous to its policyholders, creditors and the public."

Concurrently therewith the department filed in such court and under the same cause number its verified application for restraining order without notice and injunctive relief.

The court thereupon issued on March 30, 1962, its order to show cause as prayed for in the verified petition, on or before April 17, 1962, at 2:00 p.m. and without notice on the same day, March 30, 1962, issued

the restraining order against respondent below, such order reading in pertinent part as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the respondent Old Underwriters, Incorporated, Attorney-in-Fact for the Subscribers at the Old Line Automobile Insurors, its officers, directors, stockholders, agents, and employees, be and are hereby restrained and enjoined . . . from the further transaction of respondent's insurance business.

"IT IS FURTHER ORDERED . . . that Petitioner's Verified Application for a Temporary Injunction will be heard . . . on the 17th day of April, 1962, at 2:00 P.M. . . . "

April 16, 1962, respondent (relator here) filed its answer in two paragraphs to the verified petition, paragraph one being in denial and admission to the petition to show cause, and paragraph two being an affirmative answer alleging unlawful acts on the part of the department, alleging damages and injury by reason thereof, praying that the relief sought by the department be denied, for costs and all other relief.

April 27, 1962, relator herein filed in the respondent court a Petition to Modify the restraining order issued therein by permitting the payment of certain taxes, rents, etc., and to pay such portion of attorney fees to its counsel as, in the opinion of the court, would be "just and proper to permit said law firm to continue its service to said Exchange in the defense of said action;" and further alleging "that under the Restraining Order heretofore issued on the 30th day of March, 1962, said Exchange was unable to withdraw any funds from its account for the payment or a partial payment of said attorney fees; that such Restraining Order violates its constitutional rights to a defense and to the preparation of its defense by legal counsel since it is without funds with which to pay said counsel."

On said the 27th day of April, 1962, the Restraining Order of March 30, 1962, was modified by the respondent Judge Walter M. Bell to the extent of permitting relator to pay certain withholding and social security taxes to the Director of Internal Revenue, certain gross income taxes to the State of Indiana, and the rent on the premises occupied by the Exchange for the month of April 1962, and denying the petition for payment of attorney fees.

Thereafter, on August 3, 1962, relator filed in the respondent court a petition for the release of its funds from operation of the Restraining Order of March 30, 1962, to enable it to prepare exhibits, retain counsel, retain a certified public accountant, obtain portions of the record and to produce witnesses to testify on its behalf. On the 10th day of October, 1962, relator's petition was by respondent court overruled.

From the record before us it appears that the questions to be determined here may be compressed to these issues:

(1) Did the respondent Judge exceed his jurisdiction by denying relator the use of its own funds to defend the action instituted against it?

(2) Have the constitutional rights of relator been violated by refusing it the right to use its own funds in defense of the litigation instituted against it?

(3) Is the denial of allowance for attorneys violative of the due process clause of the 14th Amendment of the Constitution?

Lack of counsel in and of itself does not always constitute a violation of the due process clause, but such a deficiency under conditions which render the advice of adequate legal counsel necessary to the conduct of a fair hearing is such a vio-

lation. *Tucker* v. *Howard*, 177 F. 2d 494 (7th Cir. 1949).

Attorneys cannot be compelled to perform services without compensation. *Blythe* v. *State* (1853), 4 Ind. 525; *Webb, Auditor & c.* v. *Baird* (1854), 6 Ind. 13.

It appears that relator had sufficient funds with which to employ counsel and pay other expenses necessary to defend against the action instituted against it in cause No. S62-2091, and further that it was incumbent on the relator to defend against such action.

The original temporary writ issued in this case commanded the respondent judge "to release the funds of the Old Line Automobile Insurors to the relators herein." This language, in our opinion, is too broad and might be interpreted as giving the relators uncontrolled access to the funds to be used in their discretion. We feel this writ should be modified and limited to the extent that the relators herein are entitled to a reasonable allowance to be paid to its attorneys for services in defense of the action brought by the Department of Insurance of the State of Indiana and a reasonable allowance for necessary costs and expenses in the preparation of the defense. The respondent judge is directed to hear, upon petition, evidence as to the reasonableness and necessity of such allowances, and allow them accordingly.

The temporary writ heretofore issued is modified accordingly and made permanent.

Landis, C. J., Arterburn and Myers, JJ., concur; Achor, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 464.