Mary M. RHODES, Auditor of Perry County, Indiana, The Perry County Council of Perry County, Indiana, and Board of Commissioners of Perry County, Indiana, Petitioners,

v.

The Honorable William H. MILLER, Special Judge, Perry Circuit Court, Respondent.

No. 182S14.

Supreme Court of Indiana.

July 28, 1982.

J. David Huber, Zoercher, Becker & Huber, Tell City, for petitioners.

Robert R. Aylsworth, Phillips & Long, Boonville, for respondent.

PIVARNIK, Justice.

Petitioners commenced this cause of action by filing a petition in Perry Circuit Court on June 6, 1980, pursuant to the provisions of Ind.R.Tr.P. 60.5. In that petition, the petitioners alleged that the orders of mandate issued by Special Judge William H. Miller on May 27, 1980, directing the Auditor to pay Sue Ann Hartig, Special Bailiff, in Cause No. 79–CR–10, and J. Douglas Knight, Special Prosecutor, in Cause No. 79–CR–10, the sums of $250.00 and $5,948.69, respectively, were arbitrary and unwarranted, not expenditures reasonably necessary for the operation of the court or court related functions and were made without authority of law. The petitioners subsequently stipulated that the fees of the special bailiff were not to be addressed by them and the only issue presented on this expedited appeal is the payment for services rendered by J. Douglas Knight as Special Deputy Prosecutor.

The cause from which this situation arose was that of *State of Indiana v. Brian Brumfield*, Cause No. 79–CR–10, in the Perry Circuit Court. On February 8, 1980, the elected Prosecuting Attorney of Perry County, Dennis Etienne, filed a motion with the court entitled, "Motion for Appointment of Special Deputy Prosecuting Attorney." In this Motion the Prosecuting Attorney alleged that he and his only deputy were both inexperienced in trying jury trials and needed assistance in doing so. There was a further allegation that if a special deputy prosecutor was appointed it would negate any inferences that the prosecution of Brumfield was politically motivated. On February 13, 1980, the court entered an order in which it indicated it granted the motion in part and denied it in part and appointed J. Douglas Knight as Deputy Prosecuting Attorney for the "sole purpose of assisting the prosecuting attorney" in prosecuting the case against the defendant. This was the language employed in the court's order. The court held no hearing nor made any findings in regard to the entry of this order. J. Douglas Knight then entered his appearance as the Prosecuting Attorney but Etienne continued to file pleadings over his signature and continued in the case as the prosecuting attorney. His regular deputy also remained in the case. The defendant, Brumfield, indicated that he had plans to call the prosecuting attorney as a witness in the trial, apparently to show that he, the defendant, had been promised immunity from prosecution by the prosecuting attorney. At one point the defendant had served Prosecutor Etienne with a subpoena *duces tecum* proposing to take the prosecutor's deposition. The defendant also named the prosecutor on the defendant's witness list. The defendant subsequently withdrew the subpoena and indicated he did not intend to depose the prosecuting attorney but he left the prosecutor's name on his witness list.

During an omnibus hearing on May 8, 1980, counsel for the defendant advised the court that he had subpoenaed the prosecuting attorney, Etienne, to testify in behalf of the defendant and the court at that time responded that the prosecutor would be allowed to sit through *voir dire* and then would be cut out of the case. On the second day of trial and on May 13, 1980, after the jury was sworn but prior to the introduction of evidence, the court announced that on its own motion it had reconsidered the prosecutor's motion and that he was ordering Etienne removed as prosecutor and further ordered his regular deputy removed from the case. He then ordered the regular deputy to remove himself from the counsel table and from the courtroom. J. Douglas Knight moved to have Prosecutor Etienne remain at the counsel table as a state's witness, arguing that the State had a right to have one witness at the counsel table even when the court was ordering a separation of witnesses. The court granted this motion and allowed prosecutor Etienne to stay at the counsel table with Knight. Again the trial judge held no hearing nor made any findings regarding the removal of Prosecutor Etienne and made no further orders with reference to the position of J. Douglas Knight.

A trial judge does have the authority, and, in fact, the responsibility, to

find that a prosecuting attorney, and/or members of his staff, should be disqualified if he finds facts to be true with reference to such disqualification and to then appoint a special prosecuting attorney to try the cause. A trial judge does not have the authority to bind a county to pay a deputy prosecuting attorney to assist the prosecutor without there first being monies appropriated by the proper authorities in the county to pay for such services. When a special prosecutor is appointed by the court, the regular prosecuting attorney is disqualified to further act as prosecuting attorney in the cause.

Our most recent pronouncement on this issue was handed down by this Court in cause number 981 S 230, April 2, 1982, which was an Original Action entitled *State ex rel. Meyers v. Tippecanoe County Court,* (Ind.) 432 N.E.2d 1377. In *Meyers,* the trial judge found that the defendant, Kenneth Paul Smith, was charged with theft and with being an habitual offender in the Tippecanoe County Court. The court found that the prosecuting attorney, John H. Meyers, had previously been employed as a public defender and had represented the defendant on the two charges which would be presented into evidence to prove that defendant had twice been convicted of felonies so that he could be found to be an habitual offender. The court held that the prosecutor was disqualified because of his previous representation of the defendant and that his entire staff was also disqualified. The court then appointed a special prosecutor for defendant's case and removed the regular prosecutor and all of his deputies. This Court found that the trial judge acted properly in finding that the prosecuting attorney and his staff were, in fact, disqualified for the reasons given and the subsequent appointment of a special prosecutor to try the cause was within the authority and jurisdiction of the trial judge. Since the prosecuting attorney was disqualified, he could no longer act in the cause. *See also State v. Hardy,* (1980) Ind.App., 406 N.E.2d 313. The prosecuting attorney can also ask to be recused from a trial where he finds that because of circumstanc-

es, he could not act as prosecuting attorney in the cause consistent with the Code of Professional Responsibility. *State ex rel. Goldsmith v. Superior Court of Hancock County,* (1979) Ind., 386 N.E.2d 942. There, a deputy prosecuting attorney had moved to be recused and requested that the court appoint a special prosecutor since that particular deputy found that he would be a witness in the cause and that he could not continue in the cause pursuant to the Code of Professional Responsibility DR 5–102(A). The court did disqualify the particular deputy but went further and disqualified the prosecuting attorney and his staff and proposed to appoint a special prosecutor. We found in *Goldsmith* that where one of the deputies is disqualified, and there is no ground for disqualifying the prosecuting attorney himself, the court does not have authority to remove the prosecuting attorney and the remaining members of his staff but that the prosecuting attorney has the authority to appoint another deputy to try the cause or, of course, can try it himself.

In this cause, the prosecuting attorney did not ask that he and his deputy be recused and a special prosecuting attorney be appointed to try the cause but asked that he be given the assistance of a deputy to assist him in trying the cause. The trial judge made no findings about the qualification of the prosecuting attorney but appointed a special deputy to assist the prosecutor in trying the cause.

A similar situation was presented to this Court in *Turner v. Board of Commissioners of Elkhart County,* (1902) 158 Ind. 166, 63 N.E. 210. In *Turner,* the Elkhart Circuit Court appointed the appellant to assist the prosecuting attorney in the prosecution of a murder case. Appellant then filed an action to recover remuneration for services rendered to Elkhart County and the trial judge sustained a demurrer to his complaint. This Court affirmed the judgment of the trial court. In doing so, we cited Enactments of the Indiana Legislature § 27 Acts 1899 p. 352, as follows:

"No court or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court and for the purpose for which obligations attempted to be incurred, and all contracts and agreements, express and implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void."

*Id.* at 167, 63 N.E. at *210.*

In *Turner* there was no appropriation made by the County Council to pay for the services of a deputy prosecuting attorney and we found that unless there was an existing appropriation made by the County Council for that purpose, the appointment of the special deputy and rendition of services created no liability against the county. "The power of a court, body, or person, to bind a county, or create a liability against it, for the services of an attorney in assisting the prosecuting attorney in the prosecution of criminal cases, is within the control of the legislature... Appellant was bound to take notice of the law on this subject. Under such circumstances, he has no ground to recover from the county." *Id.*

The question was again faced by this Court in *Board of Commissioners of the County of Clay v. McGregor*, (1909) 171 Ind. 634, 87 N.E. 1. Again, in *McGregor*, the trial judge had appointed a special deputy to assist the prosecuting attorney in the prosecution of a murder case. The question before the court was whether the county had to pay for the services of the special deputy. Following the *Turner* case, this Court provided:

"In the case of *Tull v. State, ex rel.* (1885) 99 Ind. 238, this court assumed the right to appoint assistants in the prosecution of criminal cases to be settled, and upon the authority of cases in which the question had been raised only by defendants

placed such appointments upon the same basis as those made for the defense of the poor, and held for the first time that the county was bound for the payment of the reasonable fees of attorneys assisting the State. This doctrine led to abuses, which section twenty-seven of the county reform law was designed to avoid. This statute, in so far as it affects this controversy, does not invade the inherent powers of courts, but provides reasonable limitations upon the exercise of an implied discretionary authority by submitting to a representative body of voters and taxpayers the question of determining to what extent, if any, the State shall be aided in prosecuting criminal offenses occurring within their county. The right of the legislature to impose restrictions upon the amount of money which may be expended for the employment of counsel, not only in aiding the prosecuting attorneys, but also in defending criminal paupers, has been exercised without question in a number of the States. (citations omitted)"

*Id.* at 639–40, 87 N.E. at 3.

In *State ex rel. Williams v. Ellis*, (1916) 184 Ind. 307, 112 N.E. 98, this Court held that a special prosecutor may be appointed by the court where the regular prosecutor is disqualified or incapacitated. *Ellis* discussed *McGregor* and went on to hold:

"We do not hold that because the judge of some court might be of the opinion that a given cause might be better prosecuted by some one other than the regular official, he would, therefore be warranted in appointing such other person as special prosecutor. Neither lack of intellect, learning, nor even moral courage, in prosecuting attorney, judge, or other elective officer, constitutes a disqualification to act officially, and a judge would no more be justified in supplanting a prosecuting attorney for such deficiency than would the latter be warranted in demanding a more learned, conscientious and capable judge to hear the causes he must prosecute. The responsibility for lack of ca-

pacity in officers must rest on the people who elected them."

*Id.* at 321, 112 N.E. at 103.

The statutory law referred to in *Turner* and *McGregor* remains the statutory law today in Indiana [Formerly Ind.Code § 17–1–24–26, now recodified as Ind.Code § 36–2–6–10 (Burns Repl.1981) by Acts 1980, P.L. 212, § 1].

 The trial of Brumfield resulted in a hung jury. Prosecutor Etienne was never called by the defense as a witness and J. Douglas Knight moved to be recused from the case. The defense represented to the court that they would not call the prosecuting attorney on a retrial of the case and the court then granted the recusal of special deputy Knight and reinstated Prosecutor Etienne into the cause. The Perry County Council refused to pay Knight's fees.

Pursuant to the provisions of 60.5 the mandate of the trial judge was reviewed by Special Judge Max Apple, regular Judge of the Orange Circuit Court. Among his findings, Judge Apple found that trial judge Miller treated the prosecuting attorney's Motion for Appointment of Special Deputy Prosecutor as a Motion for Recusal by the Prosecuting Attorney and therefore Judge Miller had the authority to appoint Knight as a special prosecutor. He also found that under the facts and circumstances of the cause the court had the right and obligation to appoint Knight as special prosecutor since the defendant was threatening to call the prosecutor as a witness for the defense. We find the special judge was wrong. The motion filed by prosecutor Etienne cannot be interpreted as a request for recusal and appointment of a special prosecutor. The motion stated that Prosecutor Etienne and his deputy were inexperienced in trying jury cases and there was a fear some mistrial would be caused by their mistakes. Although prosecutor Etienne never objected to any of the actions of the court, including his removal from the case, he referred to Knight as a Special Deputy Prosecutor and continued to work with Knight as a deputy because Etienne himself stayed in the cause, took part in the proceedings and

filed pleadings under his signature as Prosecuting Attorney. Furthermore, the Canon of Ethics under DR5–102(A) provides that an attorney should recuse himself if it is obvious that he or a member of his law firm will, or ought to be called, as a witness on behalf of his client. This would, of course, place an attorney in a position of arguing his own credibility since he would act as witness and advocate at the same time. The provision does not apply, however, when a party is to be called as a witness by the other party. A defendant cannot disqualify a prosecuting attorney by naming him as a witness. The rule was well stated in *Galarowicz v. Ward*, (1951) 119 Utah 611, 230 P.2d 576. Under a canon similar to ours the Utah court said:

"This Canon [19] of Ethics needs no elaboration to be applied to the facts here. Apparently, the object of this precept is to avoid putting a lawyer in the obviously embarrassing predicament of testifying and then having to argue the credibility and effect of his own testimony. It was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel."

*Id.* at 620, 230 P.2d at 580.

The mere fact that defendant was indicating he would call the prosecuting attorney as a witness would not disqualify the prosecutor under the law or in fact. As a matter of fact, the court did not hold a hearing to determine to what extent the prosecuting attorney would be involved in the trial of the cause so that he may or may not be disqualified by virtue thereof. It did turn out that the prosecutor was not called and the defendant subsequently indicated he would not call the prosecutor in a retrial and the court, after holding the hearing, did determine that the prosecutor could continue to act and the special prosecutor should be removed. There was never any finding that Etienne was disqualified in any way to try the cause here. In fact, Judge Apple found that the evidence showed Etienne and his deputy were qualified, competent trial lawyers. There was no determination made by Judge Miller nor any findings by

him that Etienne and/or his deputy were disqualified to act further in the cause. He made no order appointing J. Douglas Knight as a special prosecuting attorney. In granting the prosecutor's motion he appointed J. Douglas Knight to assist the prosecuting attorney as a deputy and stated in the order it would be for the sole purpose of assisting the prosecuting attorney as a deputy. He later removed the prosecuting attorney and the regular deputy and allowed Knight to stay on but made no further orders as to Knight's position in the cause. If either prosecutor Etienne or the trial judge felt it was necessary to have an additional deputy to assist prosecutor Etienne in the cause, they could have presented this question to the council and requested appropriation of funds for such purposes. They did not do so. Therefore, the appointment of J. Douglas Knight to act in this cause cannot obligate Perry County to pay Knight for his services.

The judgment of Special Judge Apple is reversed and this cause is remanded with orders to set aside the mandate order.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The mix of events disclosed in the majority opinion leads me to the conclusion that the decision of Judge Miller to appoint Mr. Knight as special prosecutor and to order his compensation paid were within the bounds of his authority, and as a consequence the judgment of Special Judge Apple upholding the mandate should be affirmed.

Judge Miller declared before the commencement of the production of proof, that the regular prosecutor was removed from the case. The prosecutor present at the time and fully aware of the progress of events acceded to this judicial act. Thereupon Mr. Knight was left in charge of the prosecution of the case under his former appointment as special prosecutor. Mr.

Knight did then actually prosecute the case. I would agree with the majority that the appointment of Mr. Knight in its inception was of questionable validity, however these subsequent events served to render that appointment regular.