THE COUNTY OF BOONE, PLAINTIFF IN ERROR, V. JAMES S. ARMSTRONG AND W. M. ROBERTSON, DEFENDANTS IN ERROR.

Counties: CLAIM FOR SERVICES OF ATTORNEY IN DEFENDING INDIGENT PRISONER.  The certificate of the judge of the district court, that a claim for compensation to counsel appointed by such court to conduct the defense of a person charged with felony, has " been examined and allowed by the court," is not conclusive upon the county commissioners as to the amount which should be allowed for such services.  It is *prima facie* evidence that the amount allowed by the district court is correct, but the county board has the right to re-examine the account and allow so much as they may think just.

ERROR to the district court for Boone county.    Tried below before TIFFANY, J.

*J. A. Price,* for plaintiff in error.

*James S. Armstrong* and  *W. M. Robertson, pro se.*

REESE, CH. J.

By the record in this case it appears that, in the year 1887, one Ed. Carr was indicted by the grand jury of Boone county for the murder of Warren Long, and that, upon arraignment in court, he was unable to procure counsel to conduct his defense, whereupon the court appointed defendants in error as such counsel. After the trial, the bill for services was presented to the judge of the district court, the amount charged being $500, upon which was endorsed, " 6, 28, '87, examined and approved and allowed to the amount of $400. F. B. Tiffany, Judge." This bill was then filed in the office of the county commissioners for allowance against the county. The county board took the matter under consideration, and it is shown by the record that said bill was " by them duly examined, and on consideration thereof was, on motion, cut down to $300, and was then approved and allowed for that amount." From this action of the county board, defendants in error appealed to the district court, and the cause was there submitted upon the following stipulation, to-wit: " In the district court of Boone county, Nebraska. In the matter of James S. Armstrong and W. M. Robertson's appeal from the allowance of the county commissioners. It is hereby agreed and stipulated by and between the undersigned that said matter is submitted upon the following proposition of law, to-wit: Have the county commissioners the power to say what shall be allowed the appellants, or is the allowance of the district judge final in said matter?"

Upon a hearing of the cause in the district court, the finding was in favor of defendants in error, and judgment

was rendered for the sum of $400, from which the county prosecutes error to this court.

Upon this question it is the opinion of the writer that the action of the district judge in fixing the compensation which counsel should be allowed was final.

Sec. 437 of the criminal code is as follows: "The court before whom any person shall be indicted for any offense which is capital, or punishable by imprisonment in the penitentiary, is hereby authorized and required to assign to such person counsel, not exceeding two, if the prisoner has not the ability to procure counsel, and they shall have full access to the prisoner, at all reasonable hours; and it shall not be lawful for the county clerk or county commissioners of any county in this state to allow an account (bill) or claim hereafter presented by an attorney or counselor at law for services provided under the provisions of this section, until said account, bill, or claim shall have been examined and allowed by the court before whom said trial is had, and the amount so allowed for such services certified by said court; *Provided*, No such account, bill, or claim shall, in any case except in cases of homicide, exceed $100." By this it would seem that it is the province of the district court to "examine and allow" the account or bill for such services, but the same shall be audited by the county board. This is evidently upon the theory that the judge of the district court, having heard the cause tried, and having a full understanding of the character and value of the services rendered, would be more capable of rendering a just decision as to what the amount should be. This view, it is insisted, would in effect destroy the right of appeal given by law to a tax-payer of the county. That it takes away the right of the county commissioners to examine and settle all accounts against the county, which is provided for in subdivision 5 of section 23 of chapter 18, Compiled Statutes of 1887. That it destroys or takes away the right of

the county to a jury trial, as provided for in section 6 of article 1 of the constitution, and that it is in conflict with section 20 of chapter 7 of the Compiled Statutes of 1887, which provides for the allowance by the county commissioners of compensation to assistant county attorneys employed in the trial of a person charged with the crime of felony. This view is, in part, adopted by my associates, and it is held by them that the certificate of the district court, showing his examination and allowance of a bill for services rendered, is *prima facie* evidence, only, of the correctness of the claim. And while such certificate should be entitled to great weight in examination of the claim by the county board, yet it is not conclusive. Such, therefore, will be the decision of this court.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.