JAMES EDMONDS v. STATE OF NEBRASKA.

FILED FEBRUARY 6, 1895.   No. 6808.

1. Attorneys' Fees for Conducting Defense of Indigent
   Prisoner: ALLOWANCE.   When the district court appoints
   counsel under section 437 of the Criminal Code, to conduct the
   defense of an indigent prisoner, the claim of such attorney for
   services rendered in the case in the trial court and in this court
   should be presented to the district court for examination and
   allowance.

2. ———: ———. The supreme court is without authority to examine and allow the account or claim for such services.

APPLICATION by plaintiff in error to the supreme court for an allowance for fees of his attorney for service rendered in said court in the case reported in 42 Neb., 684. *Denied.*

*John A. Rooney,* for plaintiff in error.

NORVAL, C. J.

In the district court of Otoe county an information was filed charging the defendant with the commission of a felony. Upon a proper affidavit being filed showing that the accused was unable, by reason of poverty, to employ counsel, the district court appointed John A. Rooney, Esq., to appear for and defend the prisoner, who accepted the appointment and conducted the defense. At the trial the plaintiff in error was convicted of grand larceny and sentenced to imprisonment in the penitentiary. To reverse the judgment and sentence error was prosecuted to this court, where the judgment of the district court was reversed, the opinion in the case being reported in 42 Neb., 684.

At the present term a motion has been submitted by plaintiff in error that a reasonable allowance be made to Mr. Rooney for his services in the cause in this court. The question is presented whether we have any authority to make such allowance. Section 437 of the Criminal Code is in the following language:

"Sec. 437. The court before whom any person shall be indicted for any offense which is capital, or punished by imprisonment in the penitentiary, is hereby authorized and required to assign to such person counsel, not exceeding two, if the prisoner has not the ability to procure counsel, and they shall have full access to the prisoner at all reasonable hours; and it shall not be lawful for the county clerk or county commissioners of any county in this state to au-

dit or allow any account, [bill,] or claim hereafter presented by an attorney or counsellor at law for services performed under the provisions of this section, until said account, bill, or claim shall have been examined and allowed by the court before whom said trial is had, and the amount so allowed for such services certified by said court; *Provided,* That no such account, bill, or claim shall in any case, except in cases of homicide, exceed one hundred dollars."

The foregoing is the only statute in force in this state which provides for the assignment and payment of counsel for defendants in prosecutions for felonies. The section limits its application to defendants charged either with capital crime or with offenses which are punishable by imprisonment in the penitentiary, and then only where they are unable to employ and pay counsel. The law authorizes the court before whom the indictment is pending to assign such counsel; and it provides that the bill or account for such services shall be "examined and allowed by the court before whom such trial is had," and the amount so allowed for such services must be certified by said court before the county board is empowered to audit and pay said claim. A trial upon an indictment or information can be had only in the district court. It is therefore the province of that court to examine and allow the claim for services rendered by counsel appointed under the provisions of said section 437. The certificate of the court is not conclusive on the county board, but is *prima facie* evidence that the amount allowed for such services by the district court is just and correct. (*County of Boone v. Armstrong,* 23 Neb., 764.) The section under consideration, neither in express terms, nor by implication, confers authority upon this court to audit claims for services of an attorney rendered in this court in defending an indigent prisoner. The bill for such services should be presented for examination and approval to the trial court. The motion is

OVERRULED.