ANDREW P. MORAN, APPELLEE, V. OTOE COUNTY, APPELLANT.

FILED APRIL 3, 1914.   No. 17,708.

Attorney and Client: COMPENSATION OF ATTORNEY FOR INDIGENT DEFENDANT: ALLOWANCE BY COURT. The judge of the district court has the power to allow and certify a claim for the services of an attorney to an indigent prisoner in the supreme court, under an appointment to defend such criminal made by him, but the amount allowed must not exceed the sum named in section 9081, Rev. St. 1913.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*W. F. Moran,* for appellant.

*Paul Jessen, contra.*

BARNES, J.

This was an action to recover of the defendant the sum of $50 alleged to be due plaintiff for services in the supreme court in the case of *Goff v. State,* 89 Neb. 287.

It appears that Goff, an indigent defendant, was charged in the district court for Otoe county with a felony. When the cause came on for trial the proper affidavit was filed, and the court assigned the plaintiff as counsel to defend him. A trial resulted in Goff's conviction, and, after his motion for a new trial had been overruled, he was sentenced to a term in the state penitentiary. The plaintiff then made application to the judge who tried the case for the allowance of an attorney's fee for defending Goff. The court allowed him the sum of $50, and the same was paid by the county. The plaintiff then took the case to the supreme court on a petition in error. After said cause was heard and the sentence had been affirmed by the supreme court, the plaintiff made an application to the district court for the allowance of an attorney's fee for his services rendered in the supreme court. The court allowed the plaintiff the sum of $50, which sum was certified by the clerk to the board of county commissioners, and was by the commissioners rejected. The plaintiff appealed, and the cause was tried by the district court on a stipulation of facts. Judgment was rendered in favor of the plaintiff for the sum of $50, and the defendant county has appealed.

The only question presented by this appeal is whether the county of Otoe is required to pay the attorney's fee allowed by the judge of the district court for services in the supreme court in defending an indigent criminal who has been convicted and sentenced to the penitentiary. Plaintiff is compelled to rely for a recovery upon the provisions of section 9081, Rev. St. 1913, which reads as follows: "The court before whom any person shall be indicted for any offense which is capital, or punished by imprisonment in the penitentiary, is hereby authorized and required to assign to such person counsel not exceed-

ing two, if the prisoner has not the ability to procure counsel, and they shall have full access to the prisoner at all reasonable hours; and it shall not be lawful for the county clerk or county board of any county in this state to audit or allow an account, bill, or claim hereafter presented by an attorney or counselor at law for services performed under the provisons of this section, until said account, bill, or claim shall have been examined and allowed by the court before whom said trial is had, and the amount so allowed for such services certified to by said court: Provided, no such account, bill, or claim shall in any case, except in cases of homicide, exceed $100." It will be observed that this statute makes no direct provision for an allowance for services by an attorney in the supreme court. The statute provides that the court before whom an indigent criminal is indicted and tried may allow and certify a bill for services of counsel in behalf of the criminal to the county board.

In *Boone County v. Armstrong,* 23 Neb. 764, it was held that the allowance for defending an indigent criminal was not conclusive on the board as to the amount of the allowance.

In *Edmonds v. State,* 43 Neb. 742, it was held that the supreme court is without authority to examine and allow an account for services under this section. The opinion in that case, however, contains this statement: "The bill for such services should be presented for examination and approval to the trial court." This would seem to authorize such an allowance. In capital cases and often in other cases where the accused is too poor to provide counsel for himself the court has the power, which it ought and usually does exercise, to assign him counsel. In such case the attorney, being an officer of the court, is required to defend the criminal and accept such compensation, within the limits of the statute, as the court may allow. It has always been the custom of the district courts of this state to appoint counsel, and allow him a reasonable compensation for defending an indigent prisoner, and, while the allowance made by the trial judge is not conclusive on the county

board as to the amount thereof, still it has been the custom to audit and pay such claims when certified and allowed by the trial judge. It must be said, however, that the trial court should exercise a reasonable discretion in the allowance of such claims, and if he should find, on a conviction of the defendant in the district court, the case is one which should be taken to the supreme court, he should make an allowance to the attorney, within the limit fixed by the statute, for that purpose.

In the case at bar the amount allowed by the district court is within the amount provided by the statute, and therefore the judgment of the district court is

AFFIRMED.