J. WARREN KEIFER, JR., APPELLANT, V. ARTHUR J. STANLEY, APPELLEE.

FILED MARCH 22, 1924. No. 22676.

1. Waters: DIVERSION: LIABILITY. If, for the protection of his own lands, a person, by means of a dam or dike across the

Keifer v. Stanley.

channel of a stream, diverts the waters thereof onto the lands of another, where such waters, but for the dam or dike, would not have flowed, he is liable in damages for the injuries inflicted by the diverted waters.

2.  Appeal: INSTRUCTIONS: PREJUDICIAL ERROR. The submission to the jury of an affirmative defense, not supported by the evidence, if calculated to mislead the jury, is prejudicial error.

APPEAL from the district court for Nuckolls county: RALPH D. BROWN, JUDGE. *Reversed.*

*Buck & Brubaker* and *Stewart, Perry & Stewart,* for appellant.

*F. H. Stubbs, contra.*

Heard before MORRISSSEY, C. J., LETTON, ROSE, DAY, DEAN, and GOOD, JJ., ELDRED, District Judge.

GOOD, J.

Plaintiff brought this action to recover damages to his land and crops, caused, as he avers, by the wrongful act of defendant in damming and obstructing the flow of water in the natural channel of Oak creek in such a manner as to divert and cast the waters of the creek upon plaintiff's lands.

Defendant in his answer denied all the allegations of the petition save those relating to the ownership of the farms of the respective parties, and for a further defense alleged that "if plaintiff's lands were flooded, or his lands or crops damaged, such flooding and damage were caused without any fault, blame or negligence on defendant's part, but on account of a terrific, sudden and unprecedented rainstorm which occurred in that vicinity at that time and which could not have been anticipated or guarded against by this defendant." In his reply plaintiff denied the affirmative averments of the answer. The trial resulted in a verdict and judgment thereon for defendant. Plaintiff has appealed.

Defendant owns the northwest quarter and plaintiff owns

the northeast quarter of section 27, township 1 north, range
8 west of the 6th P. M., in Nuckolls county, Nebraska, and
at the time of the occurrence complained of plaintiff owned
the crops on the quarter-section immediately east of his
own farm. The farms of plaintiff and defendant are along
the south bluff of the Republican river and approximately
the north half of each farm is in the valley at the foot of
the bluff. For convenience, these parts of the farms will
hereinafter be referred to as the valley eighties of plain-
tiff and defendant. The valley eighties slope to the north
and east. Oak creek is a small stream, with its source
some distance south of the lands in question. It comes
down the bluff into the valley of the Republican river at a
point near the southeast corner of defendant's valley eigh-
ty, and in its natural course runs north across the east
end of this eighty onto the section immediately north, then
turns in an easterly course for a half mile or more, then
turns to the southeast and runs across the northeast corner
of plaintiff's valley eight onto and across the northwest
quarter of section 26. Dry creek is a somewhat smaller
stream that comes down the river bluff onto plaintiff's land
at a point near the southwest corner of his valley eighty,
and its natural course from that point is in a southeast-
erly direction over this eighty. Some time prior to the acts
complained of, a drainage ditch had been constructed along
the west and north borders of plaintiff's valley eighty and
a dike constructed across the channel of Dry creek, near
where it emerges from the bluff, and its waters were turned
into this drainage district so that the water of this creek
flows in this ditch along the west edge of plaintiff's valley
eighty to the northwest corner thereof, thence due east in
the ditch until it intersects Oak creek at the point where
it crosses the northeast corner of plaintiff's valley eighty.
A dike or dam was constructed across the natural channel
of Oak creek on defendant's land at a point near the south-
east corner of defendant's valley eighty, and the waters of
this creek diverted from the natural channel and directly
east into the drainage ditch on plaintiff's land. On July

4, 1921, a heavy rain-storm occurred in the vicinity, and the drainage ditch did not have sufficient capacity to carry the waters from the two creeks. The waters overflowed the dikes along the drainage ditch and flooded plaintiff's lands and caused the injury complained of.

Defendant did not allege, nor does the record disclose, that he had acquired any right to divert the waters of Oak creek into the drainage ditch on plaintiff's land. On July 4, 1921, plaintiff's wheat crop on a part of his valley eighty had been cut and partly shocked, when that eighty was flooded by the waters overflowing the dikes of the drainage ditch. That plaintiff suffered material damage to his wheat crop is established beyond question.

A number of errors are attempted to be assigned, but most of them are too vague and indefinite to be considered. However, two of them are sufficiently specific to require attention: (1) That the verdict is not sustained by the evidence; and (2) that the court erred in submitting to the jury the defense that the damage was caused by the act of God. Defendant contends that the damage to plaintiff's crop was caused by the waters of Dry creek. The evidence shows that some of the water of Dry creek did overflow onto plaintiff's land above the place where the diverted water of Oak creek enters the drainage district. This may, in some measure, have contributed to the plaintiff's injury, but such fact would not have the effect of relieving the defendant of liability for any increased damage, due to the additional waters from Oak creek, which defendant caused to flow over plaintiff's land.

If, for the protection of his own lands, a person, by means of a dam or dike across the channel of a stream, diverts the waters thereof onto the lands of another, where such waters, but for the dam or dike, would not have flowed, he is liable in damages for the injuries inflicted by the diverted waters. *Kane v. Bowden,* 85 Neb. 347; *Nelson v. Wirthele,* 88 Neb. 595; *Taylor v. Chesapeake & O. R. Co.,* 84 W. Va. 442, 7 A. L. R. 112; 40 Cyc. 576-578. In view of the case as made, plaintiff was entitled to a verdict in some

amount. The verdict is, therefore, contrary to and not sustained by the evidence.

By its instructions, the court submitted to the jury the defense that plaintiff's damage was caused by such a sudden and unprecedented rain-storm that it could not have been anticipated or guarded against. While the evidence shows that plaintiff's lands were overflowed by a great volume of water, there is no evidence that the rainfall was unprecedented or unusual. One witness testified that he kept a rain gauge and that the rainfall of that day was 1.27 inches. Other witnesses designated the rain as a shower. No one testified that the rainfall was even unusually heavy. There was no evidence to sustain the affirmative defense. It is error to submit to the jury an affirmative defense that is not supported by the evidence. *Suiter v. Chicago, R. I. & P. R. Co.*, 84 Neb. 256; *Wallenburg v. Missouri P. R. Co.*, 86 Neb. 642. The submission to the jury of the affirmative defense was an implied suggestion that the court considered that there was sufficient evidence to support a finding thereon for defendant, and was calculated to mislead the jury. This error was prejudicial.

Since the cause must be remanded, it may not be amiss to call attention to another feature of the case. Plaintiff complained of damage to a crop of alfalfa on the northwest quarter of section 26. The record discloses that, if Oak creek had been permitted to flow in its natural channel, all of the waters of Oak creek, together with all of the waters of Dry creek, would have run over and across this land. We do not see how it could be material to plaintiff whether the water that thus reached the land was conveyed thither through the natural channel or through the drainage ditch, since the drainage ditch emptied into the natural channel at a point above this tract of land. The land in the northwest quarter of section 26 was subject to the burden of all the water of Oak creek and Dry creek. Upon the record as presented, defendant was entitled to a directed verdict as to any damage occurring to the crops on the northwest quarter of section 26.

For the reasons stated in the opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.