CLYDE OLSON ET AL., APPELLEES AND CROSS-APPELLANTS, V. ALVA W. ROSCOE, APPELLANT AND CROSS-APPELLEE.

30 N. W. 2d 664

Filed January 16, 1948.   No. 32336.

*Moodie & Burke,* for appellant and cross-appellee.

*Sidner, Lee & Gunderson,* for appellees and cross-appellants.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LIGHTNER, District Judge.

CHAPPELL, J.

Plaintiffs, landowners in the vicinity of the place in Burt County where Cuming Creek empties into Old Logan Creek, both of which are natural watercourses, brought this action to enjoin defendant from diverting the flow of waters in Cuming Creek, to require the removal by defendant of construction which he had placed in and obstructions which resulted therefrom in said creeks, and to obtain general equitable relief.

The issues were perfected by appropriate pleadings, and tried upon the merits. Thereupon, the trial court entered its decree, finding and adjudging the cause generally in favor of plaintiffs and against defendant. It was found in substance that defendant had diverted

the waters of Cuming Creek out of its regular channel from a point near the southwest corner of his land, so that the waters thereof, instead of entering Old Logan Creek as formerly, entered the same at a point several hundred feet southwest thereof, which resulted in throwing the waters of Cuming Creek upon the lands of plaintiffs.

Defendant was enjoined from diverting the water of Cuming Creek from its original channel so as to throw the same upon plaintiffs' lands. He was ordered to remove his construction and obstructions from Cuming Creek as it crossed his land, so that the stream would be returned to its original channel; provided, however, if defendant wished to appropriately straighten or alter the course of Cuming Creek across his own premises, and still leave the outlet of Cuming Creek into Old Logan Creek at the same place as and where it originally existed prior to the diversions, he might do so.

Defendant's motion for new trial was overruled, and he appealed. Plaintiffs cross-appealed. Defendant assigned as error substantially that the decree was not sustained by the evidence and was contrary to law. Plaintiffs, in their cross-appeal, contended that the trial court erred in refusing to require defendant to clean out that portion of the original channel of Old Logan Creek across the lands of strangers to the action, claiming that the diversions of Cuming Creek by defendant had caused its obstruction. We conclude that neither plaintiffs' nor defendant's contentions can be sustained.

For reference and clarity, a plat, fairly showing the immediate area involved and certain facts appearing in the evidence, is hereinafter shown:

As will be observed from an examination of the plat, Cuming Creek, a meandering stream, originally crossed defendant's land from northwest to southeast, emptying into Old Logan Creek at point "A" on the land of the Ericksen Estate. None of the parties in interest therein were made parties to this action.

Old Logan Creek, the banks of which were generally somewhat higher than the adjoining lands on either side, meandered in a southwesterly direction from a drainage ditch called Big Ditch, constructed in 1914 or 1915. From Big Ditch, the creek meandered across a part of plaintiff Kohlmeier's land, thence across the southeast corner of defendant's adjoining land, then southwest across the land of the Ericksen Estate to point "B" adjacent to plaintiffs' lands, thence southeast for some distance and back northwest again to a point adjacent to plaintiffs' lands, thence south for some distance, then west and south across the lands of some of the plaintiffs, thence generally in a southeasterly direction.

There is competent evidence in the record that for many years prior to 1935 and the defendant's first alleged diversion of Cuming Creek, plaintiffs and their predecessors in title had generally enjoyed the use of their respective lands free and clear of waters coming from Cuming Creek which emptied into Old Logan Creek at point "A" and flowed to the southwest therein.

On the other hand, there is also competent evidence that when Cuming Creek was high and Old Logan Creek was low, waters flowing therein at point "A" could escape back up to the northeast through its channel into Big Ditch, or at floodtide could go over its banks to the east into Big Ditch.

Without dispute, in 1935 defendant constructed a ditch with banks or dikes on both sides from Cuming Creek at point "C" south a short distance, thence east along the south boundary of his land into Cuming Creek, where it crossed his land a short distance northwest of point "A". He thereby straightened the channel and

emptied the flow of Cuming Creek into Old Logan Creek at its original outlet, point "A". There is competent evidence that defendant then obstructed Cuming Creek northeast of point "C" to force the flow thereof into the east and west diversion ditch which was inadequate to carry such flow.

In 1936 high waters washed out the south bank of that ditch, permitting the water to flow thereover south and southwest across the land of the Ericksen Estate, and upon plaintiffs' lands. Thereupon, defendant cleaned out the ditch, made it deeper, and built a dike, planting trees thereon along the south side. Thereafter, in 1937, the south bank of the ditch again washed out and admittedly never was replaced by defendant. The original meandering channel of Cuming Creek on defendant's land from point "C" east thereafter gradually dried up until at the time of the trial defendant was able to and did farm over most of it.

There is competent evidence that from 1937 until 1943 floodwaters from Cuming Creek continued to escape over the south side of defendant's east and west diversion channel and flow over the land of the Ericksen Estate upon plaintiffs' lands, thereby damaging their crops and lands. In 1943 a tenant of the Ericksen Estate, in an effort to stem the flow and capture such floodwaters, constructed a small ditch diked on the west side, from a point a short distance south of defendant's south line south of point "C". That ditch extended for approximately 700 feet south to a swale or draw at about point "D", which in turn emptied into Old Logan Creek at point "B". The ditch was not originally designed to carry the flow of Cuming Creek, and without dispute it was at all times inadequate to do so.

Defendant admitted that in the fall of 1943 he excavated that ditch north across the land of the Ericksen Estate and his south line, connecting it with Cuming Creek at point "C", thereby diverting almost the entire flow of Cuming Creek south into the ditch constructed

by the tenant of the Ericksen Estate, thence almost at right angles into Old Logan Creek at a new outlet, point "B". Whether or not such tenant authorized him to do so, as claimed by defendant, and denied by the tenant, is of no importance. There is no claim that any of the plaintiffs authorized or consented to the diversion.

After the diversion of 1943, there is competent evidence in the record that floodwaters from Cuming Creek escaped from such diversion channel, particularly at or near point "D" and flooded west and southwest directly upon and over plaintiffs' lands after every sizable rain during the years 1944, 1945, and 1946, thereby almost completely destroying their crops and injuring their lands.

Defendant, in effect, admitted that the diversions of Cuming Creek from his land were made by him for his own benefit, but claimed that such diversions did not cause the flooding of plaintiffs' lands because they have been and would be naturally flooded in any event, therefore the remedy of injunction would give them no relief. The trial court properly found otherwise, and we sustain that conclusion.

The law applicable to such a situation is well established in this jurisdiction. It was said in Murphy v. Chicago, B. & Q. R. R. Co., 101 Neb. 73, 161 N. W. 1048: "Water runs and ought to run as it has used to run. Each owner of lands bordering upon either the normal or flood channels of a running stream is entitled to have its waters, whether within its banks or in its flood channels, run as it has used to run, and no one has the right to interfere with its accustomed flow to the damage of another."

It was held in Kane v. Bowden, 85 Neb. 347, 123 N. W. 94: "Water flowing in a well-defined watercourse, whether swale or creek in its primitive condition, may not, except in the exercise of the power of eminent domain, lawfully be diverted and cast upon lands of an

adjoining proprietor where it was not wont to run according to natural drainage."

In Born v. Keil, 146 Neb. 912, 22 N. W. 2d 175, it was said: "Water flowing in a well-defined watercourse may not lawfully be diverted and cast upon the lands of an adjoining landowner where it was not wont to run according to natural drainage." See, also, Kane v. Bowden, *supra,* and Keifer v. Stanley, 111 Neb. 822, 198 N. W. 144.

Where an obstruction in a natural watercourse constitutes a continuing and permanent injury to an adjoining landowner, such landowner may, on a proper showing, obtain a decree ordering the removal of the obstruction. Leaders v. Sarpy County, 134 Neb. 817, 279 N. W. 809.

It is also the rule that injunction, mandatory or prohibitory, or both, as the equities may require, is the proper remedy to prevent recurring injuries to crops or continuing injury to lands by water unlawfully diverted from a natural watercourse over or upon the lands of adjacent or adjoining landowners. Born v. Keil, *supra;* Frese v. Michalec, 148 Neb. 567, 28 N. W. 2d 197; Faught v. Platte Valley Public Power & Irrigation District, 147 Neb. 1032, 25 N. W. 2d 889; Leaders v. Sarpy County, *supra.*

Plaintiffs claimed, both at the trial on the merits and on their cross-appeal, that by reason of defendant's diversions in 1935 and 1943 Old Logan Creek from point "A" to point "B" had filled up with vegetation and debris, so that it was doubtful whether or not it could handle the waters of Cuming Creek if returned to its original channel, and contended that defendant should be required to go upon the land of the Ericksen Estate, land of a stranger to the litigation, and clean out the channel thereon.

We believe that the evidence sustained the trial court's refusal to enter such an order, but conclude

that the refusal of the trial court to do so was correct as a matter of law under the circumstances presented.

It will be noted that the parties in interest, or the owners of the Ericksen Estate over which Old Logan Creek flows from point "A" to point "B", were strangers to the litigation. They were neither made parties plaintiff nor defendant therein.

The applicable rule is that equity courts are given a broad discretion in formulating their decrees, but they must be confined to an adjudication of the rights of the parties to the suit. Equity cannot ordinarily determine the rights or control the actions of persons who are not parties to the suit, and no decree should be entered which is dependent for its fulfillment on the will of a stranger to the litigation or on that of a person not subject to the court's jurisdiction. 30 C. J. S., Equity, § 601, p. 991.

We conclude that the judgment of the trial court was proper in every respect, and that defendant should, in conformity with good engineering practices, proceed to obey the same without unnecessary delay.

Other propositions of law are presented in brief of counsel for defendant, but we deem it unnecessary to discuss them.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.