FRANCIS EVERETT BRANDER, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THOSE OTHER UNDERWRITERS AT LLOYD'S, LONDON, WHO ARE SIGNATORY TO THE COVERAGE REPRESENTED BY CERTIFICATE NO. 501629, ISSUED TO EAGLE RACEWAYS, INC., APPELLANT, v. EAGLE RACEWAYS, INC., A CORPORATION, ET AL., APPELLEES, IMPLEADED WITH LOUIS QUATTROCCHI, APPELLANT.

192 N. W. 2d 142

Filed December 3, 1971. No. 37997.

Cline, Williams, Wright, Johnson & Oldfather, for appellant Brander.

Joseph J. Cariotto, for appellant Quattrocchi.

Ginsburg, Rosenberg, Ginsburg & Krivosha and Johnston, Grossman & Johnston, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a declaratory judgment action brought in behalf of the underwriters insuring, through Lloyd's, London, Eagle Raceway, Inc., of Eagle, Nebraska, to determine liability, if any, to defend and indemnify Louis S. Quattrocchi, a racing driver, against an action for injuries sustained by another racing participant Lynch Guy Hollamon. We affirm the judgment of the district court in favor of plaintiff.

Hollamon was coowner of an automobile participating in races at the Eagle Raceways, Inc., track. While in the pit area adjacent to the track, he was injured when Quattrocchi, then participating in a race, lost control of his car, catapulted into the pit area, and struck Hollamon. Hollamon brought action against Quattrocchi and Eagle Raceways, Inc. This action has been dismissed as to the latter and is a companion case to that of Hollamon v. Eagle Raceways, Inc., *ante* p. 221, 188 N. W. 2d 710.

Two questions are presented. Defendant Quattrocchi contends that plaintiff cannot be heard in Nebraska courts because it has not fulfilled statutory requirements pertaining to alien or foreign insurers doing business in Nebraska. He says that under such circumstances,

the policy issued is void. His position is inconsistent as he is seeking to recover under the same policy he asserts is void. Defendant Quattrocchi is estopped to assert the invalidity of the very contract upon which he seeks to recover. "A litigant who knowingly and deliberately assumes a particular position in a judicial proceeding is generally estopped to take a position inconsistent therewith to the prejudice of an adverse party." Chicago, B. & Q. R.R. Co. v. State Board of Equalization & Assessment, 170 Neb. 77, 101 N. W. 2d 856. See, also, Ainsworth Irr. Dist. v. Bejot, 170 Neb. 257, 102 N. W. 2d 416.

Is defendant Quattrocchi, under the existing circumstances, insured as to the Hollamon claim? Plaintiff's policy insures Eagle Raceway, Inc., against damages for personal injuries and destruction of property caused by accident or arising out of the ownership, maintenance, or use of its premises for automobile racing events. It specifically excludes liability to *all participants* and to *all persons in the pit area.* In Endorsement No. 1, it is extended to cover liability of the *assured* for bodily injuries of *participants* provided that the participant executes a Waiver of Liability and Indemnity Agreement and, provided further, assured obtains personal accident insurance for all participants. This endorsement does not purport to insure one participant against damages for injuries sustained by another participant as is the case here. It simply protects Eagle Raceways, Inc., against claims by participants.

Endorsement No. 2 provides the coverage shall be: "* * * extended to include as additional assureds the Car Owners, Drivers, Sponsors and those officials employed by the Named Assured." This extension of coverage remains subject to the exclusions contained in the original policy. These provisions exclude liability *to* participants, to persons in the pit area during racing programs, and to persons on the track or racing surface. The endorsement is designed to protect participants

against claims made against them by persons who are not participants. In this connection, "participant" is defined as: "* * * any person granted permission for any purpose whatever by the Assured to enter the Restricted Area upon signing a Release and Waiver of Liability and Indemnity Agreement." "Restricted Area" is defined as: "* * * the area to which admission by the general public is prohibited, including but not limited to the pit areas, racing surface and infield, including walkways, concessions and other appurtenances thereon."

"A policy of insurance will be given effect according to the ordinary sense of the terms used, and if they are clear they will be applied according to their plain and ordinary meaning." Garrelts v. Department of Motor Vehicles, 176 Neb. 220, 125 N. W. 2d 678. We believe the meaning of the policy is clear and that plaintiff has no liability to the defendant Quattrocchi thereunder.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.