SANFORD M. DYAS, APPELLANT, v. IRENE E. MORRIS ET AL., APPELLEES, TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, GARNISHEE-APPELLEE, AMERICAN FAMILY INSURANCE GROUP, INTERVENER-APPELLANT.

235 N. W. 2d 636

Filed December 4, 1975. No. 40070.

John C. Mitchell and Larry R. Demerath, for appellant.

Boland, Mullin & Walsh, for intervener-appellant.

John R. Douglas of Cassem, Tierney, Adams & Gotch, for garnishee-appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and WEAVER and BLUE, District Judges.

WEAVER, District Judge.

This is a garnishment action in which Sanford M. Dyas, as plaintiff, garnished Travelers Indemnity Company on a judgment which Dyas obtained against Irene E. Morris and Johnathan G. Linneman, Jr. On April 17, 1968, while standing on the sidewalk, Dyas had been struck by an automobile driven by Irene E. Morris which had collided with a car driven by Linneman. Linneman had purchased the car from Roger Newman Motors for cash on April 12, 1968, and that day received an "Invoice and Agreement" and possession of the automobile. A "reassignment" of the vehicle by a licensed dealer was made by Newman to Linneman on April 18, 1968, the day after the accident. Linneman did not obtain a new title until June 6, 1968. Dyas filed suit against Morris, Linneman, and Newman, but, after Newman had filed his answer, Dyas dismissed his action against Newman without prejudice. On January 27, 1970, Dyas obtained a judgment for $25,302 against defendants Morris and Linneman. On February 24, 1970, Dyas collected $10,000

uninsured motorist coverage from American Family Mutual Insurance Company.

On March 23, 1970, Dyas issued a summons with interrogatories in garnishment to Travelers Indemnity Company alleging said company "has property of and is indebted to the said judgment debtor, Johnathan G. Linneman, Jr." Travelers denied the allegation but stated it had issued a garage liability policy to Newman. On January 3, 1973, American Family intervened in the action. Trial was had on the liability of the garnishee and on December 30, 1974, the trial court entered its order discharging the garnishee and dismissing the garnishment proceedings.

The plaintiff has appealed the dismissal. We affirm.

We first examine Dyas' contention that he should prevail in the garnishment because Newman was insured by Travelers and Newman was in fact the owner of the automobile because he had failed to deliver a title pursuant to section 60-105, R. S. Supp., 1967.

There is no privity between Linneman and Travelers. Before there could be liability on the part of Travelers, Newman would first need to be liable for damages.

"In general the rights and liabilities of persons not parties to the action cannot be adjudicated therein, since a court should not adjudicate the rights or liabilities of a person unless he is actively or constructively before it." 49 C. J. S., Judgments, § 28, p. 70. See, also, Olson v. Roscoe, 149 Neb. 189, 30 N. W. 2d 664; Clark v. Clark, 139 Neb. 446, 297 N. W. 661.

Newman was made a party defendant and then dismissed from the case without prejudice. Dyas now desires to impose a liability upon Newman and Travelers by indirect means after he had elected not to proceed directly against Newman.

"* * * where a person has been made a party, but by dismissal of the proceedings against him has ceased to be a party, a binding judgment may not thereafter be ren-

dered against him." 46 Am. Jur. 2d, Judgments, § 86, p. 373.

We now examine the coverage afforded to Newman by the Travelers policy. The pertinent portions of the policy provided: "Persons Insured * * * None of the following is an insured. * * * any person or organization, other than the named insured, with respect to any automobile * * * possession of which has been transferred to another by the named insured pursuant to an agreement of sale."

A garage insurance policy which excludes coverage of an automobile which has been transferred to another by the named insured, pursuant to an agreement of sale, is not proscribed by statute, nor is it against public policy. Equity Mut. Ins. Co. v. Allstate Ins. Co., 190 Neb. 515, 209 N. W. 2d 592; Omaha Sky Divers Parachute Club, Inc. v. Ranger Ins. Co., 189 Neb. 610, 204 N. W. 2d 162; Brander v. Eagle Raceways, Inc., 187 Neb. 508, 192 N. W. 2d 142.

Dyas strongly urges that unless a certificate of title is assigned and passed to the purchaser of the automobile at the time of delivery, the sale is void. He cites in support thereof Loyal's Auto Exchange, Inc. v. Munch, 153 Neb. 628, 45 N. W. 2d 913 (1951), and Turpin v. Standard Reliance Ins. Co., 169 Neb. 233, 99 N. W. 2d 26 (1959).

If there was a valid "agreement of sale" between Linneman and Newman then Travelers' exclusionary clause is effective and Dyas is not entitled to prevail in the garnishment proceedings.

The question has been answered by legislative action subsequent to the Loyal and Turpin cases. In 1963 the Legislature amended the motor vehicle dealer licensing laws by L.B. 648 which was "An Act * * * to provide for conditions of sales * * *." At the time of the transaction between Linneman and Newman, section 60-1417, R. S. Supp., 1967, provided in part: "Every motor vehicle * * * sale * * * shall be evidenced by an instrument in

writing upon a form that may be promulgated by the board and approved by the Attorney General which shall contain all the agreements of the parties and shall be signed by the buyer and seller or a duly acknowledged agent of the seller." The section explicitly sets forth what shall be contained in the form. The instrument signed by Linneman as buyer and Newman as seller and entitled "Invoice and Agreement" fits the statutory requirement in every detail. An agreement which fully complied with the provisions of section 60-1417, R. S. Supp., 1967, constituted a valid agreement of sale of a motor vehicle. The agreement in this case effectively excluded coverage of Linneman under the terms of the Travelers' insurance policy.

The decision of the trial court is eminently correct and is affirmed.

AFFIRMED.

BLUE, District Judge, concurs in the result.