IN RE CLAIM OF REHM AND FAESSER FOR ATTORNEY FEES AND EXPENSES.
RODNEY J. REHM AND VICTOR FAESSER, APPELLANTS, V. COUNTY OF RICHARDSON, NEBRASKA, APPELLEE.
410 N.W.2d 92

Filed July 24, 1987.    No. 86-477A.

Earl J. Witthoff of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., and William D. Sutter, for appellants, and Rodney J. Rehm and Victor Faesser, pro se.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

Peter Cohen for amicus curiae National Legal Aid & Defender Association.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant in *State v. Ryan, ante* p. 59, 409 N.W.2d 579 (1987), was represented in the lower court by appointed counsel, Rodney J. Rehm and Victor Faesser.

Both attorneys were appointed by the county court, and their appointments were continued by the district court at the arraignment hearing held on October 8, 1985. Faesser's appointment was subsequently continued for the appeal to this court.

Neb. Rev. Stat. § 29-1804.12 (Reissue 1985) provides:

Appointed counsel for an indigent felony defendant other than the public defender shall apply to the district court which appointed him or her for all expenses reasonably necessary to permit him or her to effectively and competently represent his or her client and for fees for services performed pursuant to such appointment . . . . The court, upon hearing the application, shall fix reasonable expenses and fees, and the county board shall allow payment to counsel in the full amount determined by the court.

Rehm filed applications requesting compensation for 663.25 hours. Faesser filed applications requesting compensation for 488.9 hours.

A hearing on the matter of attorney fees was held May 30, 1986. Several lawyers called as expert witnesses by Rehm and Faesser testified that, in their opinion, the number of hours spent by both attorneys in preparing for and trying the case was reasonable. Kirk Naylor testified he was currently serving as a court-appointed attorney and was being compensated at $50 per hour, which included both travel time and in-court time. Dennis Keefe, the public defender of Lancaster County, Nebraska, testified it was the policy in his office to assign two attorneys to capital cases. Richard Goos, the deputy public defender of Lancaster County and counsel for Michael Ryan,

testified he had worked closely with both defense attorneys during trial and believed no unnecessary services had been performed, and that the number of hours spent by Rehm was approximately equal to the number of hours spent by the witness. The court had "stipulated" that $50 an hour was a reasonable fee and conceded that Rehm is a well-qualified attorney.

During the trial Rehm resided in Lincoln, while Faesser resided in Pawnee City. The trial lasted 6 weeks.

After hearing the evidence, the trial court reviewed the progression hearings and the various orders which had been entered concerning the defendant's representation. The court stated that, in its view, the case was not unnecessarily complicated, although it was unusual; that at the start of the trial the attorneys had been told to be efficient in their representation due to the sparse population and tax base of the county; and that no double billing would be allowed unless good cause was shown. The court also stated it had asked the attorneys to divide work among those having a common interest and had informed them that both cocounsel should not be present at depositions and read all reports because that would be duplicative. The court also noted it had asked the attorneys to tape-record depositions rather than hire an expensive reporter and that, although the attorneys early on stated few depositions would be taken, costs exceeding $7,000 for depositions had been incurred.

The trial court then analyzed the hours of work presented by the attorneys. The court took exception to the hours claimed for travel time and for double billing. The court specifically disallowed the hours billed for the presence of both attorneys at the depositions of Rick Stice, David Andreas, and James Haverkamp; and for the depositions of Maxine, Lisa, and Norbert Haverkamp. The court stated that only one attorney should have been present at the depositions of Stice, Andreas, and James Haverkamp, and therefore allowed compensation for those depositions only on that basis. The court stated the depositions of the three other Haverkamps were either unnecessary or that a simple statement would have sufficed. The court then apparently disallowed all or a portion of the

total of 27 hours billed for the Haverkamp depositions.

The court also took exception to the hours incurred when Rehm traveled to Omaha, picked up Dr. Temerlin, drove to Falls City and met with Faesser, took Dr. Temerlin to interview the defendant, and later took the doctor back to Omaha and returned to Lincoln. Rehm billed 11 hours for that day, and Faesser 4 hours. The court stated a less expensive arrangement could have been made, and apparently reduced the attorney fees by some percentage of those hours. The court also took exception to 26 hours, 12.36 of them incurred for driving, billed when Rehm traveled to Kansas to visit the defendant's relatives. The court stated that, again, a less expensive arrangement could have been made. The court took exception as well to Rehm's traveling to Omaha prior to the trial to check on the jury selection process, a trip which required a total of 25 hours. The court further noted that 21 depositions were taken and that daily copy was ordered by the attorneys at a cost of $3,055. The court was concerned that the inefficient taking of depositions created a rippling effect in the number of hours billed by the expert witnesses.

The court then stated it had reviewed the awards of fees in several other criminal cases, including a first degree murder case in Otoe County. The fees in those cases, the number of hours spent, and the length of the trials were compared to the instant case.

Based upon the evidence, the record in the case, and the comparisons with other cases, the trial court concluded a reasonable fee for Rehm for the entire case was $20,874 and, for Faesser, $8,776. Of those amounts Rehm had previously received $3,042.75 and Faesser $3,389.23. The court concluded the combined award of $29,650 was in line with awards in the cases researched.

Both Rehm and Faesser have appealed.

There appears to be some confusion in our cases as to the right of a defense attorney to appeal from an award of fees as part of the defendant's appeal in a criminal case.

The State contends the attorneys have no right to appeal the award of attorney fees as a part of the defendant's appeal. In support of this contention the State cites *State v. Berry*, 192

Neb. 826, 224 N.W.2d 767 (1975).

In the *Berry* case, we held that a county board did not have standing to appeal an award of fees in a criminal case in which the county was not a party, and cited *State v. Schmidt*, 259 Iowa 972, 145 N.W.2d 631 (1966). In *Schmidt*, the Iowa Supreme Court held that neither the county ordered to pay the fees nor the defendant's attorney had the right to appeal an award of fees as part of the defendant's appeal. Our holding was limited, however, to the right of the county to appeal; the issue of the attorney's right to appeal was not addressed or decided. Moreover, in Iowa, the proper recourse available to attorneys dissatisfied with an award of fees is by petition for an original writ of certiorari to the Iowa Supreme Court. *State v. Iowa Dist. Court of Sioux County*, 286 N.W.2d 22 (Iowa 1979).

In *State v. Berry*, we stated that, as a general rule, the right to appeal in a criminal case may only be exercised by a person aggrieved or injured by the judgment. We further stated that only a person convicted of an offense has the right to appeal in a criminal matter, except that the county attorney has certain limited rights of appeal. Additionally, we stated at 828, 224 N.W.2d at 768:

> There is no statutory authority contained therein for an appeal by a county from an order of the court in connection with a criminal case awarding attorney's fees to an attorney for an indigent defendant, even though a statute of this state requires the county to pay such fees. The proper way to raise such an issue on appeal would be as was done by appellant in . . . Kovarik v. County of Banner . . . .

In *Kovarik v. County of Banner*, 192 Neb. 816, 224 N.W.2d 761 (1975), an attorney was awarded fees by the district court and filed a claim in that amount with the county board. The claim was disallowed, and the attorney appealed to the district court, which entered a judgment in favor of the attorney. The county appealed to this court, and the judgment of the district court was affirmed.

In *State v. Berry, supra*, we also stated that, in our view, § 29-1804.12 requires the district court to make findings as to the reasonable expenses and fees of appointed counsel, which

the county is obligated to pay, but that the statute does not empower the district court to enter a formal judgment against the county. We stated such a conclusion was inescapable because the county was not a party to the criminal action; therefore, the court could not enter a legal judgment against the county.

The *Berry* case is consistent with several early opinions concerning the issue of compensation for attorneys who had defended indigent defendants. In *County of Boone v. Armstrong*, 23 Neb. 764, 37 N.W. 626 (1888), two attorneys appointed to represent an indigent in a capital case appealed from the county board's reduction of the fees awarded by the district court. The appeal was separate from the appeal by the defendant and was taken directly from the action of the county board. Moreover, in *County of Boone v. Armstrong, supra*, this court held that a finding by a district court regarding fees was not conclusive, but only prima facie, evidence of the correctness of the amount.

In *Edmonds v. State*, 43 Neb. 742, 62 N.W. 199 (1895), this court held that bills for attorneys' services must be presented, initially, to the trial court which heard the case. In *Moran v. Otoe County*, 95 Neb. 658, 146 N.W. 956 (1914), a separate appeal from a decision rendered by a district court regarding fees was appealed to and affirmed by this court.

In several other cases prior to *State v. Berry, supra*, this court had reviewed awards of attorney fees as part of the defendant's appeal. In *State v. Belding*, 192 Neb. 555, 222 N.W.2d 835 (1974), a court-appointed attorney for Belding, a minor, appealed from an award of attorney fees set by the district court. This court increased the award of attorney fees and affirmed the judgment in all other respects. Similarly, in *State v. McDonald*, 187 Neb. 752, 194 N.W.2d 183 (1972), this court reviewed an award of attorney fees as an issue in an appeal by the defendant. In that case the court found the award was insufficient and that the record was not sufficient to redetermine the appropriate amount, and remanded the cause.

The statute, § 29-1804.12, provides that the district court, "upon hearing the application, shall fix reasonable expenses and fees, and the county board shall allow payment to counsel

in the full amount determined by the court." We think the proper interpretation of this language is that the finding of the district court is binding upon both appointed counsel and the county unless an appeal is taken from that order. Although the county may not be a party to the proceeding in the usual sense, the county is represented by the county attorney, who can make whatever showing is necessary to ensure that the district court has the evidence necessary to make a proper finding. In *Kovarik v. County of Banner, supra* at 824, 224 N.W.2d at 766, we pointed out that although the prosecution is brought in the name of the State, "the actual prosecution of criminal charges has been delegated by the state to the counties." It is the county attorney who has the duty to prosecute criminal charges.

In quoting from *State v. Rush*, 46 N.J. 399, 217 A.2d 441 (1966), we noted in *Kovarik* at 821, 224 N.W.2d at 764, " 'The county is a subdivision of the State, constituted to perform certain functions of State government, Bergen County v. Port of New York Authority, 32 N.J. 303, 312 (1960), and among them is the prosecution of criminal causes. . . .' " Criminal prosecution has always been regarded as being primarily a function of the counties.

Since the finding of the trial court is the basis for a claim to be presented to the county, both appointed counsel and the county must be afforded a right of review in this court in the event either is dissatisfied with the order of the district court.

The procedure described in *County of Boone v. Armstrong, supra*, is unsatisfactory for several reasons. The appeal to the district court from the action of the county upon the claim based on the allowance made by the county court gives appointed counsel no relief beyond restoring the claim to the amount originally fixed by the district court. In addition to being circuitous, it lacks due process.

We hold, therefore, that either appointed counsel or the county involved may appeal to this court from an order determining the amount of fees and expenses allowed appointed counsel under § 29-1804.12. Such an appeal is a proceeding separate from the criminal case. It should be docketed separately and disposed of without regard to the result of any appeal in the criminal case itself. In the absence of an

appeal, the order of the district court is conclusive upon both appointed counsel and the county as to the amount allowed. *County of Boone v. Armstrong*, 23 Neb. 764, 37 N.W. 626 (1888), and all similar cases are expressly disapproved.

In regard to merits of the appeal, the record shows the trial court held progression hearings periodically before the trial began. After a progression hearing in October 1985, an order dated October 11, 1985, was issued, wherein the attorneys were ordered to "avoid double billing" and were requested to designate a "chief counsel" for their teams. In its progression order dated October 28, 1985, the court stated, "Court allows all co-counsel to be present for these three depositions, but only one attorney from each set of deposition counsel is to ask deposition questions," referring to the depositions of Stice, Andreas, and James Haverkamp. On November 12, 1985, the attorneys were allowed fees, at $50 per hour, plus expenses, for their hours to date. An order dated November 14 stated that Rehm was appointed chief counsel for the defendant. On December 18, 1985, the monthly payments were discontinued, and counsel were advised that fees would be determined at the close of the case.

At the pretrial conference, the issue of the jury selection process was raised, and Goos, one of Michael Ryan's attorneys, suggested he and Rehm should go to Omaha and oversee the process. The court stated, "All right, you guys go up there."

As we stated in *Jensen v. State*, 184 Neb. 802, 172 N.W.2d 607 (1969), an award of a reasonable attorney fee will not be reversed by this court in the absence of an abuse of discretion.

From our review of the record we conclude the trial court abused its discretion by refusing to compensate the attorneys for several services necessarily performed in the representation of the defendant. These include the time billed by both attorneys for the depositions of Stice, Andreas, and James Haverkamp, the time billed for the depositions of Lisa, Norbert, and Maxine Haverkamp, the time billed for taking an expert witness to interview the defendant, the time billed to travel to Kansas to interview the defendant's family, and the time billed by Rehm to travel to Omaha to check on the jury selection process.

The record shows the trial court specifically approved the presence of both attorneys at the depositions of Stice, Andreas, and James Haverkamp; therefore, the attorneys must be compensated for that service. A similar finding is supported by the record with regard to Rehm's trip to Omaha to check on the jury selection process.

As to the depositions taken of the Haverkamp family, the record supports a finding that the attorneys reasonably believed such depositions were necessary to prepare an adequate defense. The State had subpoenaed Norbert and Maxine Haverkamp to appear at the trial and did not release them from those subpoenas until after jury selection had begun. Further, several references to Lisa Haverkamp were made by each codefendant prior to trial, which may reasonably have led the defense attorneys to believe that her deposition was necessary to prepare an adequate defense. The depositions were clearly not unnecessary services, and compensation should have been awarded for the time spent in obtaining them.

The record supports similar findings with regard to the travel required to transport the expert witness to interview the defendant and for the trip made to interview the defendant's family. The attorneys were attempting to ensure that they had adequate information to competently represent their client, and their actions, although perhaps not optimally efficient when viewed in hindsight, were not unreasonable under the circumstances.

We decline, however, to increase the award by compensating the attorneys for the hours billed for traveling to and from court appearances in this case. The attorneys were compensated on a per diem basis for court appearances and for their mileage and hotel expenses incurred during their representation. We decline to apply the portal-to-portal doctrine in this case to the attorneys who were appointed to represent the defendant. Cf., *United States v. James*, 301 F. Supp. 107 (W. D. Tex. 1969); *State v. Kenney*, 24 Wis. 2d 172, 128 N.W.2d 450 (1964).

Unfortunately, the record is not sufficiently clear and does not disclose the necessary facts so that the amount by which the awards should be increased can be determined.

The cause is, therefore, remanded to the district court for further proceedings with directions to modify the award of fees in a manner consistent with this opinion.

REMANDED WITH DIRECTIONS.